United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10516
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GERALD HENRY BOWERMAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CR-4-4-R
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Gerald Bowerman appeals from resentencing following remand
of his conviction for conspiracy to possess with intent to
distribute and distribution of methamphetamine.  This court had
remanded the portion of Bowerman's sentence that imposed a two-
level adjustment for possession of a firearm in the absence of
evidence to support the adjustment.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bowerman argues that the district court exceeded the scope of this court's remand order by permitting the Government to introduce new witness testimony at the resentencing hearing.

We review whether the district court properly interpreted the scope of this court's remand order de novo. See United States v. Lee, 358 F.3d 315, 320 (5th Cir. 2004). The law of the case doctrine prohibits courts from relitigating matters that have previously been decided. See id. As a corollary to the law of the case doctrine, the mandate rule provides that the district court comply on remand with the appellate court's mandate by addressing "only those discrete, particular issues identified by the appeals court for remand." See id. at 320-21.

In this court's opinion on remand, the panel expressly noted that the Government failed to present any evidence either in the trial transcript or in the presentence report that established that Bowerman possessed a firearm in connection with his drug offense. Neither in this court's opinion nor in its mandate did it direct the district court to conduct additional fact-finding on this issue. The Government fails to offer any explanation for why this evidence could not have been presented to this court in the first appeal or in a motion for reconsideration. See United States v. Becerra, 155 F.3d 740, 754 (5th Cir. 1998). The Government's failure to meet its burden of proof is not a cognizable exception to the law of the case doctrine. See Lee, 358 F.3d at 320 n.3. Accordingly, the district court's

consideration of the additional evidence is barred by the law of the case doctrine and the mandate rule.  See Becerra, 155 F.3d at 754.  Bowerman's challenge to the constitutionality of the firearm adjustment in light of Blakely v. Washington, 124 S. Ct. 2531, 2543 (2004), is moot in light of this determination. Accordingly, the sentence of the district court is VACATED and REMANDED.  The district court is instructed to resentence Bowerman without the adjustment for firearm possession.

VACATED and REMANDED.