# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30791

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

THAD C. THEALL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-122-1

Before DAVIS and CLEMENT, Circuit Judges, and ROSENTHAL, District Judge.*

PER CURIAM:**

Defendant-Appellant Thad C. Theall ("Theall") appeals the district court's order imposing a $47,000 criminal restitution award against him. Theall asks this Court to reduce the restitution award to $15,000. For the reasons explained below, we affirm the $47,000 award.

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30791

I.

A jury convicted Theall of two counts of bankruptcy fraud under 18 U.S.C. § 152 based on misrepresentations he made in his bankruptcy case. A panel of this Court affirmed Theall's conviction and sentence but vacated the district court's restitution order and remanded for further proceedings. Our prior opinion sets forth the facts and procedural history of this case in greater detail;[1] we will describe below only those facts that are crucial to our disposition of this appeal.

Theall and his wife jointly owned two businesses: a construction company named Acadiana Patio Systems ("Acadiana") and a property leasing company named Thad's Rentals. Acadiana filed for bankruptcy in 2004 and was ultimately liquidated. This caused Theall and his wife to start selling some of their personal assets. On February 3, 2005, Theall sold the building that formerly housed Acadiana (the "Ambassador building") for $85,000 in cash and a $15,000 promissory note. Theall wrote a check for $32,000 to Thad's Rentals from his personal checking account two days later. Theall spent the remainder of the cash proceeds from the sale of the Ambassador building within ten days of the sale.

Theall filed for personal bankruptcy on June 16, 2005. Theall failed to disclose the sale of the Ambassador building, the $15,000 promissory note, or the $32,000 transfer to Thad's Rentals on his bankruptcy petition.

On August 4, 2005, the trustee appointed in Theall's bankruptcy case, Elizabeth Andrus ("Andrus"), convened a meeting of Theall's creditors pursuant to section 341 of the Bankruptcy Code. Andrus began the meeting by placing Theall under oath. Theall affirmed under oath that his bankruptcy petition and all documents attached thereto accurately and completely listed

---

[1] *See United States v. Theall*, 525 F. App'x 256, 258-60 (5th Cir. 2013) (per curiam).

2

all of his assets and creditors. When Andrus asked Theall whether he had sold any assets netting $3,000 or more in the past twelve months, Theall did not mention the sale of the Ambassador building. When an attorney representing one of Theall's creditors asked Theall when he sold the Ambassador building, Theall falsely responded that the sale occurred in February 2004. Theall did not disclose the $32,000 transfer to Thad's Rentals to Andrus at this time.

At the conclusion of the meeting, Andrus informed Theall that his case would be held open so he could amend his bankruptcy petition. Although Theall subsequently amended his bankruptcy schedules and Statement of Financial Affairs, the amendment still did not disclose the sale of the Ambassador building, the $15,000 promissory note, or the $32,000 transfer to Thad's Rentals.

A grand jury ultimately charged Theall with two counts of bankruptcy fraud in a superseding indictment. The first count alleged that Theall made a false statement under penalty of perjury in relation to a bankruptcy petition in violation of 18 U.S.C. § 152(3). This count was based on Theall's failure to disclose the sale of the Ambassador building and the $15,000 promissory note in his bankruptcy petition. The second count alleged that Theall made a false oath in a bankruptcy proceeding in violation of 18 U.S.C. § 152(2). That count was based on Theall's misrepresentation during the August 4, 2005 creditors' meeting that he had sold the Ambassador building in February 2004 rather than in February 2005. The petit jury found Theall guilty on both counts.

At Theall's sentencing hearing, the district court found that if Theall had not concealed the sale of the Ambassador building, the bankruptcy estate would have obtained the $15,000 promissory note, and Andrus may have been able to recover the $32,000 transfer to Thad's Rentals using her avoidance powers under the Bankruptcy Code. The district court accordingly ordered Theall to pay $50,000 in restitution to the bankruptcy estate. The $50,000

No. 14-30791

figure represented the sum of the $15,000 promissory note and $35,000, which the district court mistakenly believed to be the amount of Theall's transfer to Thad's Rentals. The Government now concedes that the amount of the transfer was actually $32,000.

On appeal, a panel of this Court vacated the restitution award. We faulted the district court for failing to "determine[] whether bankruptcy law would have allowed the trustee to recover the $3[2],000. . . . By failing to determine whether the trustee could have recovered the $3[2],000 for the estate, the district court abused its discretion when it included that amount in the restitution order."[2] We therefore "remand[ed] for a recalculation of the amount of loss caused by [Theall]'s offense conduct."[3]

On remand, the district court initially entered an amended judgment that reduced the restitution award from $50,000 to $15,000, the amount of the promissory note.[4] The amended judgment therefore did not include any of the proceeds of the sale that Theall transferred to Thad's Rentals. The Government then asked the district court to withdraw the amended judgment and hold a hearing "to receive evidence, hear from parties and apply bankruptcy law" to determine "whether the trustee would be allowed to avoid the $3[2],000 transfer to Thad's Rentals and recover the money for the estate." The Government sought an opportunity to establish that Theall still owed a total of $47,000 in restitution, equal to the $15,000 promissory note plus the $32,000 cash proceeds from the sale of the Ambassador building that Theall transferred to Thad's Rentals.

---

[2] *Id.* at 267-68.

[3] *Id.* at 268.

[4] Theall does not dispute the propriety of the $15,000 award based on the promissory note. Theall objects to the restitution award only to the extent it includes the additional proceeds that he transferred to Thad's Rentals.

No. 14-30791

Over Theall's objections, the district court held a hearing to address those questions. At the hearing, the Government introduced testimony from Andrus regarding whether she would have been able to avoid the $32,000 transfer under section 548 of the Bankruptcy Code[5] if Theall had timely disclosed it. Andrus testified that, based on her review of the evidence introduced at trial and her decades of experience in the bankruptcy field, she had no doubt that she could have obtained a $32,000 general money judgment against Thad's Rentals in favor of the bankruptcy estate. Specifically, she testified that:

(1)    Theall violated bankruptcy law by failing to disclose the $32,000 transfer;

(2)    The transfer to Thad's Rentals was avoidable under Bankruptcy Code § 548(a)(1) because Theall either (a) had actual intent to hinder, delay, or defraud creditors, or (b) received less than a reasonably equivalent value for the transfer and was insolvent at the time of the transfer;

(3)    Theall would have had no statutory or other defenses against the avoidance action;[6]

(4)    Andrus would have faced no deadline to collect the judgment before it expired;

(5)    It would not be "unusual that, even after some passage of time, individuals who might be wishing to obtain assets of a given

---

[5] Although the parties have also briefed the applicability of section 547 of the Bankruptcy Code, which allows the trustee to avoid *preferential* transfers to creditors, the Government stipulates that only section 548 of the Bankruptcy Code, which allows the trustee to avoid *fraudulent* transfers, applies here.

[6] *But see* 11 U.S.C. § 548(c) (establishing "Value and Good Faith" defense to an action to avoid an alleged fraudulent transfer); *Williams v. FDIC (In re Positive Health Mgmt.)*, 769 F.3d 899, 901-09 (5th Cir. 2014) (analyzing § 548(c)). The parties do not suggest that this case implicates section 548(c) in any way.

Theall's brief also discusses potential defenses to an avoidance action under section 547 of the Bankruptcy Code, but, as noted above, the Government has stipulated that only section 548 of the Code applies here.

No. 14-30791

company against which you have a judgment would contact the bankruptcy trustee and attempt to pay for that judgment in order to get the asset that they wish to obtain;"

(6)     If Thad's Rentals "had some rental property, [she] could have gone after that rental property in order to execute and collect" the judgment in the estate's favor; and

(7)     Because of Theall's concealment, it was now too late to obtain a judgment against Thad's Rentals for the benefit of Theall's creditors.[7]

Theall did not introduce any new evidence or witness testimony of his own at the resentencing hearing. However, on cross-examination, Theall's counsel asked Andrus whether she presently had the ability prove her avoidance case at the resentencing hearing. Andrus stated: "I do not have, you know, the evidence to put on that case today."

Based on Andrus's testimony and the evidence the parties previously introduced at trial, the district court found by a preponderance of the evidence

> that bankruptcy law would have allowed the trustee to avoid the specific transfer of $32,000 from Thad Theall personally to Thad's Rentals and to obtain a judgment for the $32,000, and that that judgment would have been a general money judgment allowed to be executed against any assets of Thad's Rentals, including any real property rentals that Thad's Rentals might have had.

Therefore, the district court, over Theall's objections, ordered Theall to pay restitution to the bankruptcy estate in the amount of $47,000. Theall now challenges the amended restitution order on several grounds.

---

[7] This is because the trustee may not commence an avoidance action under the Bankruptcy Code after the bankruptcy court closes or dismisses the bankruptcy case. 11 U.S.C. § 546(a)(2). Nor may the trustee commence an avoidance action after (1) two years after the entry of the order for relief or (2) one year after the appointment or election of the first trustee, whichever comes later. *Id.* § 546(a)(1).

No. 14-30791

II.

Theall first contends that the district court violated the previous panel's mandate by accepting new testimony into the record on remand. We review *de novo* whether a district court's actions on remand violated this Court's mandate.[8]

When a criminal case "is remanded for resentencing without specific instructions" regarding whether the district court may accept new evidence, the district court is permitted to "consider any new evidence from either party," but only if that evidence is "relevant to the issues raised on appeal."[9] The previous panel neither explicitly precluded the district court from conducting a new evidentiary hearing on remand nor directed it to do so. The panel simply ordered the district court to "recalculat[e] the loss to the bankruptcy estate caused by [Theall]'s offense conduct" and "determine[] whether bankruptcy law would have allowed the trustee to recover [the $32,000 transfer to Thad's Rentals]."[10] Thus, the district court was free to consider new evidence as long as it was relevant to the restitution issue.[11] Andrus's testimony was clearly relevant. Moreover, Theall "had equal opportunity to present any new evidence to the district court" that would support a reduction of the restitution award,[12] yet he did not do so. Therefore, the district court did not err by allowing the Government to present Andrus's testimony at the resentencing hearing.[13]

---

[8] *United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010) (citing *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006)).

[9] *Id.* at 345.

[10] *Theall*, 525 F. App'x at 267-68.

[11] *See Carales-Villalta*, 617 F.3d at 345.

[12] *See id.* at 346.

[13] Theall argues that we should follow our prior decision in *United States v. Bowerman*, 131 F. App'x 992 (5th Cir. 2005) (per curiam), and hold that the district court violated the prior panel's mandate. We disagree. First, that case is readily distinguishable. Second, as an unpublished decision issued after January 1, 1996, *Bowerman* does not bind this panel. 5TH CIR. R. 47.5.4. Finally, to the extent *Bowerman* is inconsistent with our subsequent published

No. 14-30791

III.

Theall next argues that the restitution order cannot stand because the Government failed to prove that Andrus could have successfully avoided the $32,000 transfer to Thad's Rentals. According to Theall, "[a]lthough the trustee speculated that she could obtain a judgment against Thad's Rentals for $32,000, she failed to explain how she would prove the elements of a fraudulent transfer under § 548" of the Bankruptcy Code. Theall emphasizes that when his counsel asked Andrus on cross-examination whether she presently had the ability to prove her avoidance case at the resentencing hearing, Andrus admitted "I do not have, you know, the evidence to put on that case today."

"This court reviews the legality of a restitution order de novo and the amount of the restitution order for an abuse of discretion."[14] To the extent the district court's determination of the amount of restitution is based on factual findings, the court reviews those findings for clear error.[15] Because Theall claims that the government did not meet its burden to prove the amount of loss to the bankruptcy estate, we shall review the restitution award for abuse of discretion.[16]

The district court did not abuse its discretion or make any clearly erroneous factual findings. Theall has not cited, and we have not found, any case in which this Court required the Government to put on a full case for an avoidance action at a resentencing hearing in order to support a restitution award in a bankruptcy fraud case. To the contrary, we have affirmed a similar

---

decision in *Carales-Villalta*, *Carales-Villalta* controls. *See Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 295 (5th Cir. 2015) (citations omitted).

[14] *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008) (citing *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004)).

[15] *United States v. Cihak*, 137 F.3d 252, 264 (5th Cir. 1998).

[16] *See Arledge*, 553 F.3d at 897-98 (applying abuse of discretion standard where the defendant-appellant claimed that the Government failed to prove the amount of the victim's loss).

restitution order where the only evidence of the victim's loss was an affidavit from a representative of the United States Trustee's Office who stated that, "had she known that there was no legitimate business justification for [the debtor-defendants] receiving" a certain sum of money, "she would have sought the appointment of an independent trustee, who could have sued to recover the entire \$498,995 paid to insiders" pursuant to section 547 of the Bankruptcy Code.[17] That showing is not materially different from, and is in some respects even weaker than, the showing the Government made in Theall's case. To reiterate, Andrus testified that, had she known about Theall's transfer to Thad's Rentals, she would have hired an attorney to pursue an avoidance action to recover the money, and she had no doubt that the avoidance action would have been successful. Therefore, the Government satisfied its burden of proof.

But even if Theall is correct that the Government bore the burden of proving a full avoidance case at the resentencing hearing, the trial record and the record of the resentencing hearing contain sufficient evidence to uphold the restitution award. To avoid a fraudulent transfer under section 548, a bankruptcy trustee must prove either that (1) the debtor made the transfer with "actual intent to hinder, delay, or defraud" creditors; or (2) the debtor both (a) "received less than a reasonably equivalent value in exchange" for the transfer and (b) "was insolvent on the date that such transfer was made . . . or became insolvent as a result of" the transfer.[18] Notwithstanding Andrus's statement that she did not have the evidence to put on a full avoidance case at the resentencing hearing, the record contains sufficient evidence from which

---

[17] *See United States v. Sheinbaum*, 136 F.3d 443, 445-47, 450 (5th Cir. 1998).

[18] 11 U.S.C. § 548(a)(1)(A)-(B).

No. 14-30791

the district court could conclude that Theall acted with "actual intent to hinder, delay, or defraud" his creditors.[19]

"[C]ourts have identified various 'badges of fraud' that tend to evidence a transfer made with intent to defraud under § 548 . . . ."[20] These include:

(1)    The lack or inadequacy of consideration;

(2)    The family, friendship, or close associate relationship between the parties;

(3)    The retention of possession, benefit, or use of the property in question;

(4)    The financial condition of the party sought to be charged both before and after the transaction in question;

(5)    The existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and

(6)    The general chronology of events and transactions under inquiry.[21]

Many of these badges of fraud are present here. First, there is no evidence that Theall received adequate consideration from Thad's Rentals for the $32,000 transfer.

Second, there is a close relationship between Theall and Thad's Rentals. Theall and his wife were the sole owners of Thad's Rentals. Indeed, the business is named after Theall.

Third, the transfer occurred only a few months before Theall declared bankruptcy, and the record indicates that Theall's liabilities greatly exceeded

---

[19] We therefore need not address the alternative, constructive fraud prong of section 548, though the Government probably established the elements of constructive fraud as well.

[20] *Soza v. Hill (In re Soza)*, 542 F.3d 1060, 1067 (5th Cir. 2008) (citations omitted).

[21] *Id*. (citations omitted).

his assets on the date he filed his bankruptcy petition. Thus, the district court could reasonably infer that (1) Theall's financial condition was similarly dire at the time he made the $32,000 transfer several months prior; and (2) Theall transferred the money to Thad's Rentals in anticipation of his impending bankruptcy to prevent his creditors from obtaining the proceeds of the building sale.

Finally, at Theall's criminal trial, the jury found beyond a reasonable doubt that Theall (1) fraudulently concealed the sale of the Ambassador building by failing to disclose it on his bankruptcy schedules and (2) committed bankruptcy fraud by misleading Andrus and his creditors about the date on which he sold the Ambassador building. The record also clearly establishes that Theall failed to disclose to Andrus at the creditors' meeting or on his bankruptcy schedules that he transferred the proceeds of that sale to Thad's Rentals. Because Theall fraudulently concealed the sale of the Ambassador building, the district court could reasonably infer that Theall likewise acted with actual intent to hinder, delay, or defraud creditors when he transferred the *proceeds* of that sale to a closely-related entity and then failed to disclose that transfer.

Thus, the district court did not abuse its discretion by concluding that Andrus could have obtained a $32,000 judgment against Thad's Rentals pursuant to section 548 if Theall had disclosed the transfer. Theall's concealment of that transfer robbed the bankruptcy estate of a $32,000 judgment that would have benefited Theall's creditors. Because the Government proved the amount of loss to the bankruptcy estate, we affirm the restitution award.

No. 14-30791

IV.

Theall argued before the district court that the restitution award could not stand because the Government failed to prove that Andrus could have readily collected upon the $32,000 judgment against Thad's Rentals and disbursed the money to Theall's creditors. In response, the Government argued that its burden was only to show that Andrus could have obtained a judgment against Thad's Rentals; it was not also required to show that Andrus could have readily collected upon that judgment for the benefit of creditors.

Theall's counsel stated at oral argument that he was no longer making this argument on appeal. We therefore need not resolve the issue of whether the Government bears this burden in bankruptcy fraud cases. We note, however, that we have affirmed restitution orders in at least two bankruptcy fraud cases without explicitly requiring the Government to make a showing of collectability.[22]

V.

For the foregoing reasons, we affirm the $47,000 restitution award in its entirety.

AFFIRMED.

---

[22] *See United States v. Cluck*, 143 F.3d 174, 176-78, 180 (5th Cir. 1998); *Sheinbaum*, 136 F.3d at 445-47, 450.