# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

Lyle W. Cayce
Clerk

No. 09-40468

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NELSON ARCENY CARALES-VILLALTA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY and GARZA, Circuit Judges, and STARRETT,[1] District Judge.

KEITH STARRETT, District Judge:

Nelson Arceny Carales-Villalta (Carales) appeals the 37-month sentence imposed on remand for resentencing following his initial appeal from his guilty plea conviction and original sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Specifically, he challenges the eight-level aggravated felony enhancement assessed by the district court under U.S.S.G. § 2L1.2(b)(1)(C) based on his 1999 Texas conviction for delivery of cocaine,[2] on the grounds that

---

[1] District Judge of the Southern District of Mississippi, sitting by designation.

[2] We do not address Carales's arguments challenging the district court's consideration of a twelve-level drug-trafficking increase pursuant to § 2L1.2(b)(1)(B) because the district court did not in fact impose such an increase.

No. 09-40468

it violates the law-of-the-case doctrine and the mandate rule. Carales urges that the district court was limited on remand to consideration of a four-level "any other felony" increase under § 2L1.2(b)(1)(D) only. He contends that the Government is bound by its concession on initial appeal that the eight-level increase was error due to insufficient evidence at the original sentencing demonstrating that the 1999 conviction for delivery of a controlled substance involved actual possession instead of a mere offer to sell cocaine. *See United States v. Fuentes*, 245 F. App'x 358, 359-360 (5th Cir.) (finding guilty plea and conjunctive charging document insufficient evidence of actual or constructive transfer of drugs), *cert. denied*, 552 U.S. 964 (2007). Carales further argues that the district court erred in considering new evidence in the form of his judicial confession on remand, both because the judicial confession had been available at the time of the original sentencing and because it was inconsistent on its face and therefore inherently unreliable to support the enhancement.

We review *de novo* a district court's application of the remand order, including whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand. *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006). "Under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002)). A corollary of this doctrine, the mandate rule, requires that the district court follow both "the letter and spirit of the mandate by taking into account the appeals court's opinion and circumstances it embraces." *Pineiro,* 470 F.3d at 205; *see also United States v. Sandlin,* 589 F.3d 749, 758 (5th Cir. 2009) (mandating that government may present evidence not previously presented to justify sentence on remand for resentencing and defendant may offer rebuttal); *United States v. Becerra,* 155 F.3d 740, 754 (5th

2

No. 09-40468

Cir. 1998) (mandating that district court limit its consideration on remand for resentencing to testimony presented at trial).

This Court has not precisely stated what is proper for the district court to consider on remand absent a specific mandate. At one end of the spectrum, the Court has taken an open approach to the introduction of evidence upon remand, noting that "[w]e seek justice and truth and therefore do not preclude the introduction of information that is helpful in determining a proper sentence." *United States v. Kinder,* 980 F.2d 961, 963 (5th Cir. 1992) (allowing drug purity evidence not already in record to be considered when remanded to determine if drugs seized met the purity requirement for a more severe statutory penalty). More recently, the Court has taken a middle ground approach, limiting evidence on remand for resentencing to "relevant facts and evidence on the specific and particular issues heard by the appeals court and remanded for resentencing." *United States v. Marmejelo,* 139 F.3d 528, 530 (5th Cir. 1998)*; see also Pineiro*, 470 F.3d at 205 (advising that issues not raised before appeals court are not proper for reconsideration in district court below). In *Marmejelo*, we noted that "once an issue is remanded for resentencing, all new matter relevant to that issue appealed, reversed, and remanded, may be taken into consideration by the resentencing court." 139 F.3d at 530. A "full blown sentencing hearing" on remand was rejected because it "merely gives a defendant a 'second bite at the apple.'" *Id.* at 531 (quoting *United States v. Whren*, 111 F.3d 956, 959 (D.C. Cir. 1997)).[3]

It is important that the sentencing judge have sufficient information to mete out a fair sentence, but reconsidering all sentencing factors *de novo* on

---

[3] As this Court has noted, other circuits allow a district court, on remand for resentencing, to "take any evidence and hear any argument that it could have considered in the original sentencing proceeding" absent a specific mandate. *United States v. Lee*, 358 F.3d 315, 323 n.4 (5th Cir. 2004) (citations omitted). The Fifth Circuit has expressly departed from this view. *Id.* at 323.

3

remand is unreasonable due to the passage of time and logistical considerations. In the absence of a specific mandate and in the interest of truth and fair sentencing, the district court may consider any corrections and additions relevant to the issues addressed by this Court on appeal.   Therefore, when the case is remanded for resentencing without specific instructions, the district court should consider any new evidence from either party relevant to the issues raised on appeal.   This Court may still, however, mandate a particular result or limit consideration to only particular evidence on remand when it is prudent to do so, and the district court would be bound under the law-of-the-case doctrine. *See Becerra*, 155 F.3d at 754.  The prior opinion did not mandate such a result in this case.

On initial appeal, Carales argued that his Texas conviction for delivery of a controlled substance was not an aggravated felony within the meaning of § 2L1.2(b)(1)(C) due to the absence of any proof that he actually possessed a controlled substance; and the Government conceded that the proof was insufficient. *United States v. Carales-Villalta*, 311 F. App'x 727, 727 (5th Cir. 2009). This Court's opinion vacated the sentence and remanded for resentencing because "the sentence enhancement was erroneous." *Id.*  It did not provide a clear indication that the government conceded that only a four-level enhancement should apply.  Nor did the opinion purport to limit the ability of either party to present or the district court to consider other evidence on remand bearing on the issue of whether Carales's prior offense was an aggravated felony because it involved actual possession of cocaine.  Carales had equal opportunity to present any new evidence to the district court contrary to the judicial confession in support of his contention that the Texas conviction was not an aggravated felony.   Accordingly, the district court properly considered the judicial confession in its sentence calculations on remand because it was relevant to the issue appealed.

4

Additionally, the district court found the judicial confession to be reliable, and Carales has not demonstrated that the district court's finding was clearly erroneous. This Court reviews factual determinations regarding sentencing factors for clear error, meaning that the finding must be plausible in light of the record as a whole. *See United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005); *see also United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (noting that clear error in fact-finding may exist if district court relied on PSR information shown to contain a material untruth). Carales objects to the reliability of the judicial confession because it contains internal discrepancies. Specifically, the first page of the confession alleges that Carales committed the drug offenses in question on July 23, 1997, whereas on the second page, Carales admits to acts committed on December 21, 1998. However, the probation officer at resentencing testified that the dismissal of the charges involving the December conduct was part of Carales's plea bargain in connection with the July conduct, resulting in the April 1999 delivery conviction. Carales did not provide any rebuttal evidence to dispute that he pleaded guilty in April 1999 to actual possession and/or constructive transfer of cocaine on July 23, 1997. Therefore, the district court's factual determination based on the judicial confession was not clear error as the court had sufficient indicia of reliability to support its probable accuracy. Accordingly, the district court properly considered Carales's judicial confession in resentencing Carales on remand.

Carales does not argue that his prior Texas delivery conviction does not actually support an eight-level aggravated felony enhancement, nor does he challenge the manner in which the district court calculated the guidelines range or the ultimate reasonableness of his sentence. He has therefore waived any such claims. *See United States v. Lindell*, 881 F.2d 1313, 1325 (5th Cir. 1989) (finding that issues not properly argued are abandoned).

The district court's judgment is AFFIRMED.