**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

VAUDA VIRGLE SHIPP, JR.,

        Defendant - Appellant.

No. 10-5069

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 4:04-CR-00214-CVE-1)**

---

John Bennett, Amarillo, Texas, for Appellant.

Joel-lyn A. McCormick, (Thomas Scott Woodward, United States Attorney, with her on the brief), Assistant United States Attorney, Tulsa, Oklahoma, for Appellee.

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MATHESON,** Circuit Judge.

---

**MATHESON**, Circuit Judge.

---

      The sole question in this appeal is whether the district court erred in interpreting

and applying this court's mandate when it resentenced defendant with an "armed career criminal" classification on remand from a prior appeal. Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2), we affirm.

I.

Mr. Shipp was convicted of possessing a firearm after a felony conviction. At sentencing, he was classified as an "armed career criminal" pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2) ("ACCA"), based upon three predicate state convictions for violent felonies or serious drug offenses: (1) a 1984 conviction for assault with a dangerous weapon; (2) a 1984 conviction for possession of marijuana with intent to distribute; and (3) a 1987 escape conviction for failure to report to a penal institution after he was permitted to be away on an official pass. Although the guideline range for his felon in possession conviction was 27 to 33 months, Mr. Shipp's guideline range with the ACCA classification was 188 to 235 months because those sentenced with the ACCA classification are subject to a statutory minimum of 180 months' imprisonment. He was sentenced to 188 months.

We affirmed Mr. Shipp's conviction and sentence on direct appeal. *United States v. Shipp*, 233 F. App'x 847, 849 (10th Cir. 2007). Mr. Shipp then filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He argued that the district court erred in relying upon a "walkaway" escape conviction. He cited the Ninth Circuit's decision in *United States v. Piccolo*, 441 F.3d 1084 (9th Cir. 2006), as not treating this type of crime as a violent felony under the ACCA. The district court denied the motion.

Mr. Shipp applied for a Certificate of Appealability ("COA") with this court.

About two weeks after Mr. Shipp applied for a COA, the Supreme Court decided *Chambers v. United States*, 129 S. Ct. 687, 691-93 (2009), holding that the Illinois crime of failure to report for penal confinement falls outside the ACCA's "violent felony" definition. The government filed a Fed. R. App. P. 28(j) letter notifying this court of the *Chambers* decision and indicating that *Chambers* would likely apply to Mr. Shipp's case. Mr. Shipp filed a response to the government's letter, arguing that his escape conviction is not a violent felony under *Chambers* and that he therefore should not be subject to the ACCA classification.

We granted a COA on one issue: "whether *Chambers* . . . applies retroactively on collateral review to convictions that were final at the time the case was decided by the Supreme Court." *United States v. Shipp*, 589 F.3d 1084, 1086 (10th Cir. 2009) (quotation omitted). We concluded that Mr. Shipp's escape conviction for failure to report does not qualify as a violent felony under *Chambers* and that he was entitled to retroactive application of *Chambers* on collateral review. *See id*. at 1090-91. Accordingly, we reversed the district court's denial of Mr. Shipp's § 2255 motion. We remanded with the following instructions: "We REMAND the case to the district court with directions to correct Mr. Shipp's sentence in light of *Chambers*, 129 S. Ct. at 691, by resentencing Mr. Shipp without the 'armed career criminal' classification." *Id*. at 1091.

On remand, the district court ordered the parties to show cause why Mr. Shipp should not be resentenced under the ACCA when, even without counting the escape

conviction, he still had three predicate offenses for violent felonies or serious drug offenses. The parties filed responses. The district court determined that, consistent with this court's mandate, it could conduct a de novo resentencing and that it could consider any convictions from Mr. Shipp's criminal history as predicate offenses, except the escape conviction addressed by this court's prior decision. The district court then resentenced Mr. Shipp to a term of 180 months' imprisonment.[1] The court imposed the "armed career criminal" classification by substituting a 1969 burglary conviction for the escape conviction as the third predicate offense under the ACCA. Mr. Shipp appeals from his resentencing.

## II.

Mr. Shipp contends that the district court violated the mandate rule by resentencing him *with* the "armed career criminal" classification after this court had mandated that he should be resentenced *without* that classification. The government responds that the district court complied with the prior panel's mandate to correct Mr. Shipp's sentence in light of *Chambers* by not relying on the escape conviction as a predicate offense for the "armed career criminal" classification. The government argues further that the district court was not prohibited from relying on the 1969 burglary conviction to resentence Mr. Shipp with the "armed career criminal" classification.

Mr. Shipp argues that the prior panel's mandate did not allow for "entirely *de novo*

---

[1]     The district court granted Mr. Shipp an eight month downward variance from the bottom of the proposed guideline range of 188 months.

-4-

resentencing" because "it was a general remand with an instruction that an ACCA classification was foreclosed."   Aplt. Br. at 6.  Mr. Shipp explains that the district court's discretion was not limited in all respects, noting that "[s]ince the instruction bars only an ACCA classification, [his] sentence could conceivably have been enhanced under a different statute, or the lower court could have departed upwards from the advisory sentencing range." *Id.* at 15.  The government acknowledges that the mandate limited the district court's discretion by precluding the district court from considering Mr. Shipp's escape conviction as a predicate offense for applying the ACCA classification.  But the government asserts that because the prior panel only considered the effect of *Chambers* on Mr. Shipp's escape conviction, the mandate did not limit the district court's ability to apply the ACCA classification if there is another conviction that could qualify as a predicate offense.

The question is whether the mandate completely foreclosed the application of the ACCA classification, as Mr. Shipp argues, or whether the mandate only foreclosed the ACCA classification based on the escape conviction, as the district court determined.  For the following reasons, we conclude that the district court did not err in its interpretation and application of the mandate.

"Resentencing on remand is typically de novo, but an appellate court may limit the district court's discretion pursuant to the mandate rule." *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999).  "The mandate rule is a discretion-guiding rule that generally requires trial court conformity with the articulated appellate remand." *Id.* (quotation

omitted).  Interpretation of the mandate is an issue of law that we review de novo.  *See*

*Mason v. Texaco*, 948 F.2d 1546, 1549-50 (10th Cir. 1991); *see also United States v.*

*Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010).

>     We start with the mandate language standing alone:

> "We REMAND the case to the district court with directions to correct Mr. Shipp's sentence in light of *Chambers*, 129 S. Ct. at 691, by resentencing Mr. Shipp without the 'armed career criminal' classification."

The government's position that the mandate only instructed the district court to comply

with *Chambers* would clearly prevail if the mandate read as follows:

> "We REMAND the case to the district court with directions to correct Mr. Shipp's sentence in light of *Chambers*, 129 S. Ct. at 691~~, by resentencing Mr. Shipp without the 'armed career criminal' classification."~~

Mr. Shipp's position that the district court could not impose an armed career criminal

sentence under any circumstances would arguably prevail if the mandate read as follows:

> "We REMAND the case to the district court with directions to correct Mr. Shipp's sentence ~~in light of *Chambers*, 129 S. Ct. at 691,~~ by resentencing Mr. Shipp without the 'armed career criminal' classification."

*Shipp*, 589 F.3d at 1091.  The combination of "in light of *Chambers*" with "by

resentencing Mr. Shipp without the 'armed career criminal' classification" points toward

the government's position because "in light of *Chambers"* appears to modify "without

the 'armed career criminal' classification."  This reading is not only more plausible than

Mr. Shipp's interpretation, it also is the correct reading when the mandate is read in light

of our opinion that preceded the mandate.

The district court may consider the opinion to determine the intent of the mandate. *See In re Abel*, 932 F.2d 898, 899 n.1 (10th Cir. 1991) ("The district court may consult the opinion for guidance as to the intent of the mandate." (citing *Cherokee Nation v. Oklahoma*, 461 F.2d 674, 678 (10th Cir. 1972)); *see also Estate of Whitlock v. C.I.R.*, 547 F.2d 506, 509-10 (10th Cir. 1976) (explaining that "[t]he opinion of the appellate court may be consulted to ascertain the intent of the mandate" and that the lower court is "without power to do anything contrary to the letter or spirit of the mandate as construed in light of the opinion deciding the case"). This approach is consistent with case law from other circuits. *See Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("A trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."); *see also Carales-Villalta*, 617 F.3d at 344 (same); *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (same); *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) (same).

The issue presented in Mr. Shipp's § 2255 appeal was limited to the retroactive application of *Chambers* to the part of his sentence that was based upon his escape conviction. Our opinion noted that the district court had relied on Mr. Shipp's escape conviction as one of the three violent felonies necessary to apply the armed career criminal classification. *See Shipp*, 589 F.3d at 1088. We explained that "*Chambers'* construction of the ACCA overrules our prior jurisprudence attributing violence to escape offenses that did not involve the use, attempted use, or threat of the use of physical force

against another." *Id*. at 1090. Accordingly, we determined "that Mr. Shipp's escape conviction, which the Presentence Report describes as merely the failure to return as directed, does not qualify as a violent felony." *Id*. (quotation and citation omitted).

Without discussing any other aspect of Mr. Shipp's criminal history, we concluded that "[i]n light of *Chambers*, Mr. Shipp does not constitute an 'armed career criminal,'" and "that the Supreme Court's construction of the ACCA in *Chambers* applies retroactively to Mr. Shipp on collateral review." *Id*. at 1091. The mandate then directed the district court to "correct Mr. Shipp's sentence in light of *Chambers* by resentencing Mr. Shipp without the 'armed career criminal' classification." *Id*. (citation omitted). Construing the mandate in light of the opinion and the specific issue presented for appellate § 2255 review, it is clear that this court, based on retroactive application of *Chambers*, instructed the district court not to classify Mr. Shipp as an armed career criminal in reliance on his escape conviction.

## III.

The district court did not err. It correctly determined that the prior panel's mandate precluded it from relying on the escape conviction to sentence Mr. Shipp as an armed career criminal. The mandate did not limit the district court's discretion to rely on a different predicate offense to sentence Mr. Shipp as an armed career criminal. Accordingly, we AFFIRM the judgment of the district court.