**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Howard O. KIEFFER, Defendant–**
**Appellant.**

**No. 15–1078.**

United States Court of Appeals,
Tenth Circuit.

Feb. 1, 2016.

Karin M. Fojtik, Stewart C. Walz, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Gail K. Johnson, Johnson, Brennan & Klein, Boulder, CO, for Defendant–Appellant.

Before BRISCOE, SEYMOUR and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT[*]

MARY BECK BRISCOE, Circuit Judge.

Howard O. Kieffer was convicted of various charges arising from his representation of clients in federal courts without a license or legal training. His sentencing has spurred much litigation, which has now reached this court for the fourth time.[1] In this appeal, Kieffer challenges the district court's Fifth Amended Judgment, arguing that (1) it conflicts with the district court's orally pronounced sentence, (2) the district court lacked jurisdiction to issue it, and (3) it constitutes double jeopardy. Because none of these arguments are meritorious, we affirm.

### Background [2]

Although Kieffer does not have a law degree and is not licensed to practice law, he has represented clients in various federal courts, including district courts located in North Dakota and Colorado. These actions have resulted in convictions in both districts. In the District of North Dakota, Kieffer was convicted in 2008 of mail fraud in violation of 18 U.S.C. § 1341 and making false statements in violation of 18 U.S.C. § 1001, and sentenced to 51 months' imprisonment. He served 11 of those months before proceedings began in the District of Colorado.

In the District of Colorado, Kieffer was convicted of wire fraud in violation of 18 U.S.C. § 1343 (Count 1), making false statements in violation of 18 U.S.C. § 1001 (Count 2), and contempt of court in violation of 18 U.S.C. § 401 (Count 3). The district court initially sentenced Kieffer on August 16, 2010 to serve 57 months consecutively to his 51–month North Dakota sentence. But a prior panel of this court vacated that sentence because U.S.S.G. § 5G1.3(b) requires that the Colorado sentence run *concurrently* with the prior North Dakota sentence, and the restitution order lacked factual support. *Kieffer I,* 681 F.3d at 1166–68, 1170–71.

During the resentencing hearing on August 22, 2013, the district court calculated the applicable guideline range as 57–71 months. It then announced its intent to vary upward from the guideline range, which it viewed as "not sufficient to meet the objectives set forth at [18 U.S.C. § 3553(a) ]." *Kieffer III,* 596 Fed.Appx. at 656. This conclusion was reached in part because "the 10th Circuit has ruled that this Court cannot run the sentence in this case consecutive to the 51–month sentence he received in [the North Dakota case], but rather must run the sentence in this case concurrent to that sentence." *Id.* (alteration in original). The district court then announced Kieffer's sentence:

> [I]t is the judgment of the Court that [Kieffer] is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 99 months on Counts 1 and 2. The terms of imprisonment in this case are to be served concurrently to one another and also

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. *United States v. Kieffer,* 681 F.3d 1143 (10th Cir.2012) (*Kieffer I* ); *United States v. Kieffer,* No. 13–1371, at 1 (10th Cir. Jan. 27, 2014) (order remanding "for the limited purpose of

addressing the second Amended Judgment") (*Kieffer II* ); *United States v. Kieffer,* 596 Fed. Appx. 653 (10th Cir.2014) (*Kieffer III* ), cert. denied, —— U.S. ——, 135 S.Ct. 2825, 192 L.Ed.2d 862 (2015).

2. The convoluted procedural history of this case is detailed in *Kieffer III,* so we offer only a brief description of relevant facts and history here.

concurrent to the 51 months of imprisonment that was imposed upon and served by defendant in [North Dakota]. Just to make it clear, it is the Court's intent that the defendant be incarcerated for a term of 48 months for the criminal conduct he was convicted of in Counts 1 and 2 in this case. So that's 99 months less or adjusted by the 51 months that he served in North Dakota for a total of 48 months.

*Id.* at 657. (first and third alterations in original). A series of written amended judgments followed, all attempting to memorialize the district court's oral pronouncement. Only the first and the fifth are relevant to the issues presented on this appeal.

The First Amended Judgment read:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ninety-nine (99) months as to each of Counts 1 and 2, to be served concurrently with each other and with the [North Dakota sentence]. Pursuant to 5G1.3(b), the Court adjusted the ninety-nine (99) months by subtracting the fifty-one (51) months already served in [North Dakota], for a remaining sentence of forty-eight (48) months as to each of Counts 1 and 2, and thirty-seven (37) months as to Count 3, all counts to be served concurrently with each other.

*Id.* (emphasis omitted). In *Kieffer III*, a prior panel of this court concluded that "the First Amended Judgment did not accurately memorialize the court's orally pronounced sentence," which it interpreted as follows:

The court sentenced ... Kieffer to "a term of 99 months on Counts 1 and 2," to be served concurrently to each other and to the 51 months of imprisonment that ... Kieffer had already served in North Dakota. The court continued by

stating, "to make it clear," ... Kieffer should be incarcerated "for a term of 48 months for the criminal conduct he was convicted of in Counts 1 and 2 *in this case*," emphasizing its intent for ... Kieffer to be imprisoned for his conduct in Colorado beyond his North Dakota sentence. Read in this context, the court's next statement—"that's 99 months less or adjusted by the 51 months that he served in North Dakota for a total of 48 months"—does not alter the 99–month sentence.

*Id.* at 661 (internal citations omitted). The panel therefore "instruct[ed] the district court to enter a new and final judgment consistent with its orally pronounced sentence of 99 months but with full credit for the 11 months ... Kieffer served between the start of his incarceration in North Dakota and the start of the Colorado case," which "results in a sentence of 88 months on Count 1." *Id.* at 661–62. It also instructed the district court to "reduce ... Kieffer's term of imprisonment on Count 2 from 99 months to 60 months" to reflect the maximum statutory penalty for violation of 18 U.S.C. § 1001. *Id.* at 662.

On remand, the district court entered the Fifth Amended Judgment, sentencing Kieffer to "eighty-eight (88) months as to Count 1, sixty (60) months as to Count 2, and thirty-seven (37) months as to Count 3, each count to be served concurrently with each other and with the sentence imposed in United States District Court, District of North Dakota." ROA Vol. I at 593. Kieffer appeals, offering three reasons why the Fifth Amended Judgment should be vacated and the First Amended Judgment reinstated.

### Conflict with Oral Pronouncement

■ Kieffer first argues that the Fifth Amended Judgment conflicts with the district court's oral pronouncement made at

the resentencing hearing. Where such conflict exists, an unambiguous oral pronouncement controls. *United States v. Barwig,* 568 F.3d 852, 855 (10th Cir.2009) (citing *United States v. Villano,* 816 F.2d 1448, 1451 (10th Cir.1987) (en banc)). In *Kieffer III,* a prior panel of this court concluded that "the sentence orally pronounced at [the] resentencing hearing was unambiguous." 596 Fed.Appx. at 661. It interpreted the district court's oral pronouncement as having sentenced Kieffer to a total "term of 99 months on Count[ ] 1 ... to be served concurrently ... to the 51 months of imprisonment that [he] had already served in North Dakota," meaning that Kieffer was to serve 51 months in North Dakota and then serve the remaining 48 months of his 99–month concurrent sentence in Colorado. *Id.* (internal quotations omitted).

There is no discrepancy between the district court's oral pronouncement and the Fifth Amended Judgment, which imposed a sentence of "eighty-eight (88) months as to Count 1 ... to be served concurrently ... with the sentence imposed in ... North Dakota." ROA Vol. I at 593. The Fifth Amended Judgment merely clarified the import of the orally pronounced sentence as required by this court's mandate in *Kieffer III.* The panel in *Kieffer III* instructed the district court to "enter a new and final judgment consistent with its orally pronounced sentence of 99 months *but with full credit for the 11 months* ... Kieffer served between the start of his incarceration in North Dakota and the start of the Colorado case," which *"results in a sentence of 88 months on Count 1."* 596 Fed.Appx. at 661–62 (emphases added). The Fifth Amended Judgment does just that.

"[U]nder the mandate rule, the district court should act in conformity with the appellate court's mandate." *United States v. Gama–Bastidas,* 222 F.3d 779, 784 (10th Cir.2000). We review a district court's compliance with a mandate de novo. *See United States v. Shipp,* 644 F.3d 1126, 1129 (10th Cir.2011) (citing *United States v. Carales–Villalta,* 617 F.3d 342, 344 (5th Cir.2010)). The mandate rule is not jurisdictional; instead, it "is a discretion-guiding rule subject to exception in the interests of justice." *United States v. Moore,* 83 F.3d 1231, 1234–35 (10th Cir.1996) (citing *United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993)). Exceptions to the mandate rule include "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) that blatant error from the prior sentencing decision would result in serious injustice if uncorrected." *Id.* at 1234 (citing *United States v. Bell,* 5 F.3d 64, 67 (4th Cir.1993)). Kieffer invokes the third exception.

Kieffer first argues that U.S.S.G. § 5G1.3(b) requires that his sentence include a 51–month downward adjustment. We disagree. The language of § 5G1.3(b) reads:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed *to run concurrently* to the remainder of the undischarged term of imprisonment."

U.S.S.G. § 5G1.3(b) (emphasis added). Nowhere does the language require a *downward variance* to account for the sentence imposed by the North Dakota courts; it requires only that the sentences run concurrently. Keiffer has offered no other authority to support his contention.

Kieffer also argues that the Fifth Amended Judgment does not reflect a resulting sentence of 48 months. This argument stems from his belief that the sentence orally pronounced was for a total of 48 months to run concurrently with the North Dakota sentence, which would mean that his Colorado sentence would be satisfied before his North Dakota sentence. Kieffer's calculation improperly counts the 51–month North Dakota sentence twice—first by reducing the 99–month sentence by 51 months to result in a 48–month sentence, and then again by running the 48–month sentence concurrently with the 51–month sentence. Section 5G1.3(b) neither requires nor permits such double counting. Moreover, a prior panel of this court has already rejected Kieffer's interpretation. See Kieffer III, 596 Fed.Appx. at 661 (concluding that the total term was for 99 months, the first 51 months to be served in North Dakota and the remaining 48 months to be served in Colorado).

Finally, Kieffer argues in his reply brief that the panel in Kieffer III erroneously instructed the district court to "credit" his sentence on Count 1 by the 11 months he served in North Dakota before the Colorado case began. This argument was not raised in the opening brief, so we decline to consider it. See United States v. Mullikin, 758 F.3d 1209, 1210 n. 2 (10th Cir. 2014).

The Fifth Amended Judgment complies with the mandate of Kieffer III. Further, Kieffer has failed to obtain panel or en banc review of Kieffer III, so we are bound by that mandate. In re Smith, 10 F.3d 723, 724 (10th Cir.1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.")

### Jurisdiction

Kieffer next argues that the district court lacked jurisdiction to enter the Fifth Amended Judgment because it effectively modified his sentence. We review the district court's jurisdiction de novo. United States v. Luna–Acosta, 715 F.3d 860, 864 (10th Cir.2013). In Kieffer III, this court held that the First Amended Judgment "did not accurately memorialize the court's orally pronounced sentence" as required by Barwig. 596 Fed.Appx. at 661 (citing Barwig, 568 F.3d at 855–56). Accordingly, it instructed the district court

> to enter a new and final judgment consistent with its orally pronounced sentence of 99 months but with full credit for the 11 months … Kieffer served between the start of his incarceration in North Dakota and the start of the Colorado case. This results in a sentence of 88 months on Count 1.

Id. at 661–62. The Fifth Amended Judgment did just that: it sentenced Kieffer to "eighty-eight (88) months as to Count 1 … to be served concurrently with … the sentence imposed in … North Dakota." See ROA Vol. I at 593. Because the Fifth Amended Judgment complies with this court's instruction and does not exceed it, the district court had jurisdiction to enter it. 28 U.S.C. § 2106 (authorizing appellate courts to modify or vacate any judgment brought before it for review and remand with directions to enter an appropriate judgment "as may be just under the circumstances"); United States v. Blackwell, 81 F.3d 945, 947 n. 2 (10th Cir.1996) (noting that, "of course" district courts may modify a defendant's sentence pursuant to an appellate mandate).

### Double Jeopardy

Kieffer also argues that the Fifth Amended Judgment violated the Double Jeopardy Clause. Specifically, he argues that "[t]he Fifth Amended Judgment increased the sentence imposed at resen-

tencing that ... Kieffer had already begun serving." Aplt. Br. at 25. Because the district court lacked jurisdiction to increase his sentence, Kieffer argues, the Double Jeopardy Clause was violated. His argument is flawed in two ways.

First, the Fifth Amended Judgment did not increase his sentence. Yet again, Kieffer argues that the sentence orally pronounced at the resentencing hearing was only for 48 months and therefore the Fifth Amended Judgment's imposition of an 88–month sentence is an increase. But a prior panel of this court has already concluded that the sentence orally pronounced at the sentencing hearing was for 99 months, which was to be credited by the 11 months Kieffer had already served in North Dakota. *Kieffer III*, 596 Fed. Appx. at 661. Thus, the imposition of an 88–month sentence is a memorialization of, not an increase to, the orally pronounced sentence.

Second, the district court had jurisdiction to enter the Fifth Amended Judgment. Kieffer relies heavily on *United States v. Earley*, wherein this court, sitting en banc, set forth the framework for applying double jeopardy to modifications in sentencing: "Unless a statute or rule extends the sentencing process further, the limit imposed by double jeopardy analysis is coterminous with the limit of the court's original sentencing authority—stopping the sentencing court's power 'at the jail-house door.'" 816 F.2d 1428, 1434 (10th Cir.1987). As discussed above, 28 U.S.C. § 2106 "extend[ed] the sentencing process" by authorizing the district court to act in accordance with this court's mandate in *Kieffer III*. Accordingly, the Fifth Amended Judgment does not violate the Double Jeopardy Clause.

## Conclusion

The district court had jurisdiction to enter the Fifth Amended Judgment. That judgment did not conflict with the orally pronounced sentence, nor did it constitute double jeopardy. Because we find no error in the Fifth Amended Judgment, we affirm.