# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2020

Lyle W. Cayce
Clerk

No. 20-50150
Summary Calendar

Madeleine Connor,

*Plaintiff—Appellant*,

*versus*

Leah Stewart, *in her individual capacity as a LD Director*; Eric Castro, *in his individual capacity as a LD Director*; Chuck McCormick, *in his individual capacity as a LD Director*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-827

Before Wiener, Southwick, and Duncan, *Circuit Judges*.
Per Curiam:[*]

In three different lawsuits, the plaintiff has brought First Amendment retaliation claims against directors of her local utility district. The plaintiff has been unwilling to accept defeat along the way. Perseverance is

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50150

commendable — to a point. The current appeal is from the district court's award of sanctions against the plaintiff following an earlier remand from this court. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff Madeleine Connor, who is an attorney, resides in the Lost Creek Municipal Utility District, located near Austin, Texas. Leah Stewart, Eric Castro, and Chuck McCormick are defendants because they are the directors of Lost Creek. We will refer to them as "the Directors." Beginning in 2015, Connor has sued them three times for the same cause of action. The first two suits were filed in state court. The Directors removed the actions to the United States District Court, Western District of Texas, and the district court dismissed. We are concerned now with the third suit, filed in August 2017 in federal court, then dismissed in May 2018. When dismissing this time, the district court *sua sponte* enjoined Connor from filing any claims against the Directors or other officers of the Lost Creek Municipal District without first receiving the court's leave to do so. The court entered the injunction because Connor "acted with a purpose to harass Defendants."

Connor appealed from that third defeat. Because Connor failed to file a timely brief, we dismissed in March 2019. We later reinstated the appeal and affirmed the district court's judgment without an opinion. Connor then petitioned for rehearing. We denied rehearing in June 2019, granted the Directors' motion for sanctions, attorneys' fees, and costs, and remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U.S.C. § 1912." We cautioned Connor "that any further prolongation of this case will likely result in additional sanctions." We closed with this: "Except for the determination of costs and sanctions by the district court on remand, THIS CASE IS OVER."

On remand, the district court granted the Directors' motion for attorneys' fees under 28 U.S.C. § 1912, which was the only explicit authority for an award identified in our remand order. The court also awarded attorneys' fees and costs based on Federal Rule of Appellate Procedure 38, which is applicable to frivolous appeals, and on 28 U.S.C. § 1927, for unreasonable and vexatious prolonging of litigation. The district court made clear that it was awarding fees to the Directors for the entire appeal, not just the petition for rehearing, and issued additional sanctions for Connor's actions in the district court that preceded the appeal. Of course, Connor has appealed again.

## DISCUSSION

Connor argues that the district court lacked jurisdiction to award fees because this court's remand order instructed the district court to award Section 1912 fees only. Connor posits that the only awardable fees were for those based on the petition for rehearing.

Connor's argument implicates what is called the "mandate rule." There are several components of the rule, but broadly put, on remand the district court "must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006). A corollary is that "[a]ll other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below." *Id.* (quoting *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998)). Connor's point, when put in terms of the mandate rule, is that the only issue for remand was a monetary award under Section 1912.

We review a district court's application of a remand order *de novo*, "including whether the . . . mandate rule forecloses the district court's actions on remand." *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (quoting *United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010)). If the issue before us were the necessity and amount of sanctions, we would review those determinations for an abuse of discretion. *See, e.g.*, *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007) (award under section 1927); *Crowe v. Smith*, 151 F.3d 217, 226 (5th Cir. 1998) (award pursuant to court's inherent authority). The only issue on appeal, though, and to use Connor's words in her brief, is whether the district court went beyond "the scope of the Remand Order by imposing additional sanctions" for the litigation prior to the appeal and for the appeal itself prior to the petition for rehearing. That is not an issue of the need for and the amount of an award, which would be reviewed for an abuse of discretion. Instead, Connor presents an issue of the district court's authority. We examine *de novo*.

## I.      *Fees awarded for the entire appeal*

Connor argues that the district court exceeded the scope of this court's remand order by awarding Section 1912 or Rule 38 fees for the entire appeal rather than for the petition for rehearing only. Section 1912 provides that "[w]here a judgment is affirmed by . . . a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." 28 U.S.C. § 1912. Similarly, Rule 38 states, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "[F]or the filing of a frivolous appeal . . . an award may be made against an appellant under 28 U.S.C. § 1912 and Fed. R. App. P. 38, and against an attorney under 28 U.S.C. § 1927." *Olympia Co., Inc. v. Celotex Corp.*, 771 F.2d 888, 893 (5th Cir. 1985). Rule 38 allows an award of

damages "if the appeal is frivolous without requiring a showing that the appeal resulted in delay," while Section 1912 requires a showing of delay. FED. R. APP. P. 38, advisory committee notes to 1967 Amendment.

In the earlier appeal, this court granted the Directors' motion for sanctions. That motion requested sanctions pursuant to Rule 38 and also mentioned Section 1912 on the last page of the motion. The district court concluded that by granting the motion, this court was holding "that Connor's appeal was frivolous." We remanded to the district court "to determine the amount of costs and damages to be paid to appellees, as provided by 28 U.S.C. § 1912," showing that Connor's appeal was not only frivolous but had also resulted in delay. There was no statement either in our order denying rehearing and remanding or in the Directors' motion that we granted that limited the focus of the award to fees and costs relevant to the rehearing petition. Thus, the district court did not exceed the scope of the remand order by awarding fees to the Directors for the entire appeal, under either Rule 38 or Section 1912.

## II.     *Fees awarded for Connor's actions in the district court*

Connor asserts that the district court exceeded the scope of the remand order by awarding fees for her actions in the district court prior to the appeal. The district court imposed sanctions on Connor as an attorney under this statutory authority: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[1] 28 U.S.C. § 1927. The

---

[1] The district court stated: "To the extent Connor's conduct is not covered by one of the other sanctioning provisions, this Court relies on its inherent power to impose attorneys' fees as a sanction for bad-faith conduct," citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

remand order did not mention fees or sanctions related to Connor's actions in the district court. "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939).  A court may consider collateral issues even when an action is no longer pending.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1900).  Sanctions under Section 1927 are a part of a court's collateral jurisdiction.  *Ratliff*, 508 F.3d at 231.

Connor's argument that the district court lacked jurisdiction because it exceeded the scope of the remand order fails.

AFFIRMED.