FILED
United States Court of Appeals
Tenth Circuit

February 11, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL LYNN CRISP,

    Defendant - Appellant.

No. 20-5040
(D.C. No. 4:08-CR-00158-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **BACHARACH,** Circuit Judge, **LUCERO** Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

Michael Lynn Crisp, appearing pro se,[1] appeals the district court's ruling on his motion to reduce his sentence under 18 U.S.C. § 3582(c) and § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The district court granted his motion in part, reducing his sentence by fourteen months. He

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Crisp's pro se briefs, but we do not act as his advocate. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

argues the court should have reduced his sentence further and should have held a hearing on the motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In 2008, Crisp pled guilty to possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

The presentence investigation report (PSIR) indicated that Crisp was subject to a statutory twenty-year mandatory minimum sentence because he had a prior Texas state felony drug conviction for possession with intent to distribute marijuana. For purposes of calculating the applicable guidelines range, the PSIR classified Crisp as a career offender under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (U.S. Sent'g Comm'n 2008). This classification was based on two prior felony convictions for "controlled substance offenses"—the Texas marijuana conviction and another Texas state conviction for possessing a controlled substance with intent to deliver under Texas Health & Safety Code § 481.112(a). At the time, each of those offenses was considered a "controlled substance offense" under the definition in USSG § 4B1.2(b). The PSIR also indicated that Crisp was convicted in 1991 in Oklahoma state court for assault and battery with a dangerous weapon, a felony for which he was sentenced to five years in custody. With the § 4B1.1 career offender classification and the downward adjustments requested by the parties, the PSIR calculated a guidelines range of between 262 and 327 months. Crisp did not object to the PSIR, and the district court adopted it. The court sentenced him to 276 months in prison.

After Crisp's sentencing, the Fair Sentencing Act of 2010 (Fair Sentencing Act), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), increased the amount of crack cocaine required to trigger certain mandatory minimum sentences, including the one applicable to Crisp's offense. See United States v. Cornelius, 696 F.3d 1307, 1326, 1328 (10th Cir. 2012). But because Congress did not make the Fair Sentencing Act retroactive, it did not affect Crisp's sentence. See id. at 1328. Then, in 2018, Congress passed the First Step Act, which authorized courts to retroactively apply the Fair Sentencing Act "to offenders who committed offenses prior to the [Act's] effective date of August 3, 2010." United States v. Mannie, 971 F.3d 1145, 1147 (10th Cir. 2020).

After the enactment of the First Step Act, Crisp petitioned the district court to exercise its discretion and impose a reduced sentence of 134 months. He noted the reduction of the statutory minimum from twenty years to ten years. See Fair Sentencing Act § 2(a)(1), 124 Stat. at 2372. He also sought reconsideration of his career offender status under USSG § 4B1.1(a), arguing that based on intervening caselaw, his Texas conviction for delivery of a controlled substance no longer qualifies as a controlled substance offense under the Armed Career Criminal Act (ACCA). See United States v. Tanksley, 848 F.3d 347, 352 (5th Cir.), supplemented, 854 F.3d 284 (5th Cir. 2017). He further argued that without the career offender classification he would be eligible for a reduced sentence pursuant to § 3582(c)(2) and certain post-sentencing amendments to the Sentencing Guidelines.

3

The district court agreed that, based on Tanksley, the delivery conviction did not qualify as a "controlled substance offense" as defined in § 4B1.2(b) and therefore did not provide a predicate for his career offender classification under § 4B1.1(a). It concluded, however, that Crisp was still subject to sentencing as a career offender because of his 1991 Oklahoma conviction for assault and battery with a dangerous weapon, which we have held is a "crime of violence" as defined by USSG § 4B1.2(a).[2] See United States v. Taylor, 843 F.3d 1215, 1224-25 (10th Cir. 2016). Consequently, the district court concluded Crisp's guideline range would remain the same—262 to 327 months. Nevertheless, the court found that reducing his sentence would further the Fair Sentencing Act's intended purpose "to decrease the ratio in the mandatory minimum sentences for crack cocaine versus powder cocaine." Accordingly, exercising its discretion under § 3582(c)(1)(B) to reduce Crisp's sentence pursuant to the First Step Act and applying the 18 U.S.C. § 3553(a) sentencing factors, the court granted Crisp's motion in part and reduced his sentence from 276 to 262 months.

## II

On appeal, Crisp claims the district court erred by (1) using an alternative predicate offense to support his career offender classification; (2) reducing his

---

[2] For the first time in his reply brief, Crisp raises a challenge based on Mathis v. United States, 136 S. Ct. 2243 (2016) to the use of his Oklahoma conviction for assault and battery with a dangerous weapon as a predicate offense for his career offender classification. In making that argument, he ignores Taylor, which rejected it. See 843 F.3d at 1221-25. His arguments about other Oklahoma assault and battery offenses (for example, assault on a law enforcement officer) are inapposite.

sentence by only fourteen months; and (3) not holding an evidentiary hearing on his motion.

**A**

Crisp argues that the district court erred by using a substitute predicate offense to support his career offender classification. We review a district court's authority to modify a sentence under the First Step Act de novo. United States v. Brown, 974 F.3d 1137, 1141 (10th Cir. 2020).

The First Step Act authorizes "only a limited change in the sentences of defendants who had not already benefitted from the Fair Sentencing Act." Brown, 974 F.3d at 1144. Specifically, it allows a defendant to ask a district court to exercise its discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, § 404(b) (emphasis added) (citation omitted). While this appeal was pending, we decided Brown, which explains that under that limitation, district courts "cannot consider new law" such as "revised Guidelines instead of the Guidelines used at the original sentencing," but can consider intervening decisions that clarify "what the law always was." 974 F.3d at 1144, 45. Brown considered our decision in United States v. Titties, which concluded that an Oklahoma conviction for feloniously pointing a firearm was not a violent felony under the ACCA. 852 F.3d 1257, 1268-69 (10th Cir. 2017). In Brown, we held that Titties was not a post-sentence "amendment to the law," but instead was an explanation of what the law always had been, including at sentencing. Brown, 974 F.3d at 1145. We emphasized

5

the importance of calculating the Guidelines range correctly based on the law "in effect at the time" of the original sentencing, First Step Act, § 404(b), and we held a district court can "use all the resources available to it to make that calculation," Brown, 974 F.3d at 1145.

That is precisely what the district court did here. The district court properly relied on Tanksley, which, like Titties, clarified "what the law always was." Tanksley held that the delivery offense used as a predicate at the original sentencing did not qualify as a "controlled substance offense" as defined in § 4B1.2(b) and therefore did not support Crisp's career offender classification. Applying the same logic, it was also proper for the district court to rely on the historical information in the PSIR and Taylor to conclude Crip still qualified as a career offender based on his Texas marijuana conviction and his Oklahoma assault and battery with a dangerous weapon conviction. See Mannie, 971 F.3d at 1157-58 (affirming the district court's reliance in part on "historical facts from [the defendant's] initial sentencing" in declining to reduce the defendant's sentence under the First Step Act); United States v. Shipp, 644 F.3d 1126, 1130 (10th Cir. 2011) (invalidation of career offender classification based on one predicate conviction did not preclude district court on remand from classifying the defendant as a career offender again based on a different predicate offense).

Accordingly, the district court did not err by using the Oklahoma conviction for assault and battery as a predicate offense to reaffirm Crisp's career offender status for purposes of calculating his Guidelines range. Crisp maintains that the

6

district court erred by using that conviction as a predicate because the PSIR did not "list[] [it] as a predicate offense under the Chapter Four Enhancement" and he was not "advised that [it could] be used to 'career' him." Crisp does not provide further explanation for this contention, but to the extent that it is based on the notification requirement in 21 U.S.C. § 851(a)(1), that requirement is inapplicable. A lay person may reasonably believe that the text of § 851(a)(1)—that "[n]o person . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless . . . the United States attorney files an information . . . stating in writing the previous convictions to be relied upon"—requires notice regardless of the source of the increased punishment. However, clear precedent states otherwise. We have held that § 851(a)(1) only requires notice "in situations in which a defendant's statutory maximum or minimum is enhanced and not in situations where the defendant's increased sentence under the Guidelines is within the statutory range." United States v. Allen, 24 F.3d 1180, 1184 (10th Cir. 1994) (quotation omitted and alterations adopted). Crisp was convicted under 21 U.S.C. § 841(b)(1)(A), which provides for a sentence of not "less than 10 years or more than life." Because the career offender enhancement provided by USSG § 4B1.1 falls within this statutory range, the district court did not err by considering a predicate offense that was not included in the § 851(a)(1) information.

## B

Crisp argues that the district court erred by reducing his sentence by only fourteen months, both because it did not give him the benefit of certain Guidelines

7

amendments in recalculating the Guidelines range and because the court should not have considered the 18 U.S.C. § 3553(a) factors.[3] "Because the [First Step Act] gives the district court broad discretion to grant or deny [a motion for sentence reduction], we review the district court's decision only for an abuse of that discretion." Mannie, 971 F.3d at 1155.

We find no abuse of discretion here. First, the district court correctly declined to give Crisp the benefit of Guidelines amendments adopted after his original sentencing. See Brown, 974 F.3d at 1144 (holding that district courts cannot consider "revised Guidelines instead of the Guidelines used at the original sentencing" in ruling on a First Step Act motion). Second, the court acted within its discretion in considering the § 3553(a) factors in declining to reduce Crisp's sentence further. See id. at 1146 n.5 (recognizing that "the § 3553(a) factors may be considered in a First Step Act proceeding"); Mannie, 971 F.3d at 1158 n.18 (holding the § 3553(a) factors "are permissible, although not required, considerations when ruling on a 2018 [First Step Act] motion").

---

[3] For the first time in his reply brief, Crisp claims the district court erred by considering the drug weight (680 grams) in calculating his Guidelines range because the weight was not alleged in the indictment or found beyond a reasonable doubt by a jury. See Aplt. Reply Br. at 12-15 (relying on Alleyne v. United States, 570 U.S. 99 (2013) and Apprendi v. New Jersey, 530 U.S. 466 (2000)). Though we need not address this new argument, see Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000), we note that it fails because Crisp stipulated in the plea agreement that "for guideline calculation purposes the amount of cocaine base involved was approximately 680 grams."

## C

Finally, Crisp argues that the district court erred by not holding a hearing on his motion. A movant under the First Step Act "is not entitled to a hearing." Mannie, 971 F.3d at 1157. There is also "no requirement that district courts hold a hearing in a § 3582(c)(2) sentence-reduction proceeding." United States v. Chavez-Meza, 854 F.3d 655, 657 (10th Cir. 2017), aff'd, 138 S. Ct. 1959 (2018). "[W]e review the [district] court's decision to proceed without a hearing only for an abuse of discretion." Mannie, 971 F.3d at 1157. The district court concluded that a hearing was unnecessary, and having thoroughly reviewed the record, we find no abuse of discretion in the district court's decision to proceed without one. See id.

## III

The district court's judgment is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

9