# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2024

Lyle W. Cayce
Clerk

_____

No. 23-30048

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Victor Clark Kirk,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-115-1

_____

Before Jones, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Victor Kirk was convicted of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, arising from a scheme to defraud Medicaid by improperly billing group psychotherapy sessions. The district court sentenced Kirk to a term of imprisonment, ordered he pay restitution in the amount of $1,841,527.31, entered a $234,789.87 forfeiture money judgment

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against him, and imposed a $30,000 fine.  Kirk appeals the district court's order imposing the forfeiture money judgment and fine.  For the reasons set forth below, we AFFIRM in part and REMAND in part.

## I.    Background

### A. Facts

Applying the facts consistent with the jury verdict, from January 2011 to June 2015, Kirk—as the Chief Executive Officer of St. Gabriel Health Clinic, a non-profit corporation that operated medical clinics inside Louisiana schools—conspired to defraud Medicaid.  Under his direction, St. Gabriel employees administered educational and character development programs, including one called "Character Counts!," to entire classrooms of students, including Medicaid recipients, and then billed these services as group psychotherapy sessions.  Even though Medicaid does not cover educational services, St. Gabriel employees, at Kirk's direction, created false and fraudulent progress notes indicating that the students present for the program required group psychotherapy and that the services provided constituted as such.

After Medicaid ceased reimbursing St. Gabriel's claims for group psychotherapy sessions in the absence of an Axis I diagnosis, St. Gabriel employees, again at the direction of Kirk, falsely diagnosed students who received the education services with Axis I diagnoses.  In total, Medicaid paid approximately $1.8 million in claims to St. Gabriel for group psychotherapy sessions even though St. Gabriel merely provided educational services.

### B. Procedural History

A jury found Kirk guilty of one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and five counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2.  The presentence investigation report ("PSR") calculated a Sentencing Guidelines range of 121 to 151

months with a fine range of $35,000 to $350,000. As to Kirk's ability to pay, the PSR indicated that "[i]t is unlikely the defendant will be capable of paying a fine within the guideline range based on the amount of the required restitution."

Prior to sentencing, the government filed a motion to amend the preliminary order of a general forfeiture money judgment, seeking a forfeiture money judgment of $234,789.87. The government argued that since 45 percent of St. Gabriel's revenue, or $1.8 million out of $4 million, was derived from the fraudulent billing scheme, the court should order Kirk to forfeit 45 percent of his salary and compensation that he earned during the alleged fraud. This percentage was based solely on the money illegally sought compared to the total amount paid by Medicaid (i.e., some of which was properly sought). In addition, the government urged the district court to order Kirk to forfeit all of his bonus and incentive payments earned during the alleged fraud.

Kirk opposed this motion, arguing, among other things, that the court should only order Kirk to forfeit 18 percent of his total salary and benefits because St. Gabriel's total revenue (both Medicaid and non-Medicaid) during the time of the alleged fraud was more than $10 million. As such, Kirk requested the court to order forfeiture totaling no more than $75,957.

At sentencing, Kirk introduced financial statements demonstrating that St. Gabriel received over $10 million in total revenue during the conspiracy and reargued that the court should order Kirk to forfeit, at most, 20 percent of the salary he received during the fraud. The district court credited the government's proposed forfeiture amount over Kirk's. But neither the district court nor the government addressed Kirk's argument that St. Gabriel's total income was approximately $10 million during the alleged fraud.

The court then sentenced Kirk to a total of 82 months of imprisonment, ordered he pay restitution in the amount of $1,841,527.31, imposed a $30,000 fine, and entered a forfeiture money judgment in the amount of $234,789.87.  Kirk objected to the imposition of the fine, arguing that he was unable to pay the fine in light of the restitution order and the forfeiture.  In response, the district court indicated there were numerous assets listed in the sealed PSR, which it would not disclose on the record, that showed Kirk had the ability to pay the $30,000 fine.  Kirk filed a timely notice of appeal.

## II.    Jurisdiction & Standard of Review

The district court's jurisdiction arose under 18 U.S.C. § 3231.  We have jurisdiction over this matter under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

"We review the district court's findings of fact [relating to a forfeiture order] under the clearly erroneous standard of review, and the question of whether those facts constitute legally proper forfeiture de novo." *United States v. Reed*, 908 F.3d 102, 125 (5th Cir. 2018) (cleaned up) (internal quotation marks and citation omitted).  We review the reasonableness of a fine for an abuse of discretion.  *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 219–20 (5th Cir. 2015).

## III.    Discussion

Kirk raises two issues on appeal: (1) whether the district court erred in imposing a $234,789.87 forfeiture money judgment, and (2) whether the district court abused its discretion in imposing a $30,000 fine.  We address each issue below.

### A. Forfeiture Money Judgment

Kirk contends the district court's forfeiture money judgment calculation was flawed because it improperly took 45 percent of Kirk's salary and all of his bonuses during the alleged fraud when, based on St. Gabriel's total revenue during that time period (nearly $10 million), it should have taken at most 20 percent of his salary and bonuses. The government concedes that the district court erred because it failed to resolve the factual dispute regarding St. Gabriel's total revenue during the alleged fraud. As a result, the government requests a remand for a new forfeiture hearing. In reply, Kirk requests, for the first time, that we resolve the forfeiture calculation on appeal because the government cannot present new evidence on remand.

Because both parties agree that the district court's failure to resolve the factual dispute regarding St. Gabriel's total revenue during the alleged fraud constitutes clear error, the central issues here are whether remand is appropriate and, if so, the scope of remand. To start, it is unclear whether Kirk's request that we resolve the forfeiture calculation on appeal is even properly before us since he did not raise this argument until his reply brief. *See United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022) (explaining failure to adequately brief an issue on appeal, which includes raising an argument for the first time in a reply brief, results in the argument being abandoned). However, even if the argument was properly raised, remand is still the proper disposition because the government has conceded only that the district court erred in failing to resolve the factual dispute, not that the government did not carry its initial evidentiary burden. *See United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 753 (5th Cir. 2012) (concluding remand was improper because the government conceded that it did not carry its initial evidentiary burden before the district court in proving the amounts for forfeiture).

To be more explicit, because the government is not conceding that its evidence was insufficient to support the forfeiture money judgment, it will not need to present new evidence on remand. Indeed, its appellate brief intimates as much since it seeks to chip away at the reliability of Kirk's evidence and the validity of his calculation, rather than argue for the introduction of new evidence. Thus, we remand the forfeiture money judgment for more detailed findings by the district court regarding both Kirk's salary and his bonuses during the alleged fraud based upon the evidence originally presented. *See United States v. Carales-Villalta*, 617 F.3d 342, 345 (5th Cir. 2010) (explaining the court may "limit consideration to only particular evidence on remand").

## B. Imposition of the Fine

Kirk contends the district court erred in imposing the fine because the PSR indicated he was unlikely to be able to pay the fine due to his financial conditions and the substantial restitution amount owed and because the government failed to come forward with evidence to show Kirk could pay the fine. We disagree.

If the district court adopts the PSR but disregards its recommendation regarding a fine, then the district court must make specific findings regarding the defendant's ability to pay. *United States v. Brantley*, 537 F.3d 347, 351–52 (5th Cir. 2008). However, the district court is not required to make specific findings regarding the defendant's ability to pay a fine when the court does not reject or depart from the PSR's recommendation. *Id.* at 352.

The district court did not depart from or reject the PSR's recommendation regarding Kirk's ability to pay the fine. The PSR determined that based on the required amount of restitution Kirk had to pay, "[i]t is unlikely [Kirk] will be capable of paying a fine *within the guideline range*." The district court then imposed a below-Guidelines fine in the

No. 23-30048

amount of $30,000. Thus, the district court did not depart from the PSR's recommendation. *See United States v. Landerman*, 167 F.3d 895, 900 (5th Cir. 1999). Moreover, as the district court suggested, the PSR contains evidence that indicates Kirk would likely be able to pay a lesser fine, e.g., his monthly cash flow, properties, and other assets. Accordingly, the district court did not abuse its discretion in imposing the $30,000 fine.

## IV.    Conclusion

For the reasons set forth above, we VACATE the forfeiture money judgment and REMAND for more detailed findings by the district court regarding both Kirk's salary and bonuses during the alleged fraud based upon the evidence originally presented. The remainder is AFFIRMED.