# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11344

United States Court of Appeals
Fif h Circuit

**FILED**

October 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMERENCIO ROSA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-499-1

Before DAVIS, CLEMENT, and PRADO, Circuit Judges

PER CURIAM:[*]

Emerencio Rosa., Jr., appeals the within-guidelines sentence of 42 months of imprisonment and a 3-year term of supervised release imposed on his guilty plea conviction for possession of a firearm after a felony conviction.[1] The sentence largely results from a base offense level of 20 fixed by the presentence report (PSR) under U.S.S.G. §§ 2K2.1(a)(4)(B)(i)(I) and (ii)(I) on the basis that Rosa was a convicted felon in possession of a semiautomatic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

No. 16-11344

weapon—a Glock 9-millimeter caliber pistol—together with a drum magazine for that firearm that can hold 50 rounds of ammunition, both of which investigators found in Rosa's bedroom.

A base offense level of 20 is proper if the Government shows that Rosa is a prohibited person and that his offense involved a semiautomatic firearm capable of accepting a large capacity magazine.[2] Rosa, a convicted felon, does not deny that he is a prohibited person. Assuming without deciding the commentary to § 2K2.1(a)(4)(B)(i)(I) is authoritative,[3] the Government is required to show that the semiautomatic firearm involved in Rosa's offense, i.e., the Glock 9-millimeter pistol, is capable of firing "many rounds without reloading."[4] That showing could be made by demonstrating that "at the time of the offense . . . a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm."[5] Rosa has abandoned his district court argument that the drum magazine the investigators seized was not in close proximity to the pistol.[6]

The sole remaining question is whether the district court erred in its implicit determination that the Government met its burden of showing that the seized Glock pistol is capable of receiving the seized drum magazine, i.e., that they are compatible, and that the drum magazine can accept more than 15 rounds of ammunition.[7] The PSR stated that Rosa's offense involved the Glock semiautomatic firearm and that he possessed with it a drum magazine that can hold 50 rounds of ammunition. Rosa introduced no evidence to dispute

---

[2] *See* U.S.S.G. § 2K2.1(a)(4)(B); *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

[3] *Stinson v. United States*, 508 U.S. 36, 37–38 (1993).

[4] § 2K2.1 cmt. n.2.

[5] *Id.*

[6] *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

[7] *See Rodriguez*, 630 F.3d at 380; *United States v. Castillo*, 430 F.3d 230, 238–39 (5th Cir. 2005).

the PSR as to this issue.[8] Instead, he argues that the evidence does not establish that anyone physically determined the large capacity drum magazine actually fit or could be accepted by the Glock firearm. He cites no precedent of our court requiring such a determination. Moreover, Collin County (Texas) Sheriff's Office Investigator Gerald Rutledge validated the PSR when he testified, based on his 25 years of experience with Glock pistols, that the drum magazine found in Rosa's bedroom is a Glock magazine made to hold more than 50 rounds and is compatible with the pistol found in the bedroom.

By adopting the PSR, the district court implicitly accepted Rutledge's testimony about the compatibility of the pistol and the drum magazine.[9] Rosa does not show that we should ignore precedent and not defer to the district court's credibility determination.[10] Nor does he show that the district court's finding about compatibility is implausible,[11] or that we could arrive at a definite and firm conviction that a mistake was made.[12] Rutledge emphasized that he had sufficient experience to be able to say that the Glock pistol at issue can accept the Glock drum magazine at issue. The district court was entitled to rely on that testimony.[13]

Additionally, Rosa asserts that 18 U.S.C. § 922(g) is unconstitutional because it regulates conduct falling outside the Government's power to regulate commerce and does not require a sufficient mens rea. He acknowledges that the claim is foreclosed by precedent and raises it to preserve it for further review.

AFFIRMED.

---

[8] *See United States v. Angulo*, 927 F.2d 202, 204 (5th Cir. 1991).

[9] *See United States v. Ford*, 558 F.3d 371, 376–77 (5th Cir. 2009); *United States v. Lowder,* 148 F.3d 548, 552 (5th Cir. 1998); *see also* U.S.S.G. § 6A1.3.

[10] *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

[11] *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

[12] *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

[13] *See* U.S.S.G. § 6A1.3.