# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2022

Lyle W. Cayce
Clerk

No. 21-50485

United States of America,

*Plaintiff—Appellee*,

*versus*

Izik Candelario Romero,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-125-1

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:*

In this sentencing appeal, Izik Romero contends that the district court plainly erred in applying § 2K2.1(a)(4)(B) of the Sentencing Guidelines, which triggers an elevated base offense level if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

magazine." We agree. We therefore vacate Romero's sentence and remand for resentencing.

## I.

In April 2020, United States Marshals attempted to arrest Izik Romero on an outstanding arrest warrant. Officers saw Romero get into the driver's seat of a Ford Explorer, but when they attempted to stop the vehicle, Romero refused and instead "led [the] officers on a chase." While in pursuit, officers "observed a handgun being thrown out of the passenger side window" of the vehicle. After Romero's vehicle was "forcibly stopped," law enforcement recovered the firearm along with a seventeen-round magazine "found near the firearm."

A few months later, Romero was indicted on one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Romero pleaded guilty shortly thereafter.

A probation officer then prepared Romero's presentence report (PSR), which reflected a base offense level of 14. *See* U.S.S.G. § 2K2.1(a)(6). The Government objected to the PSR, asserting that an elevated base offense level of 20 was warranted under § 2K2.1(a)(4)(B) of the Sentencing Guidelines because "[t]he firearm possessed by [Romero] was a semi-automatic firearm that is capable of accepting a large capacity magazine," as evidenced by the "seventeen-round magazine [that] was found near the firearm."

Consistent with the Government's objection, Romero's probation officer revised the PSR "to reflect the corrected Base Offense Level of 20" and "Total Offense Level of 23." The revised PSR did not set forth any additional facts related to the firearm. Instead, the probation officer explained in an addendum that the enhancement was warranted because the "[G]overnment provided documentation of the large capacity magazine

found near the firearm" and could "provide testimony at the time of sentencing." Applying the enhancement had the effect of raising Romero's recommended Guidelines range "from 51 to 63 months to 92 to 115 months."

At sentencing, the Government informed the district court that probation had "met" its objection, and thus there was "nothing for the Court to rule on." The Government did not introduce any evidence at sentencing that demonstrated Romero's firearm was capable of accepting a large-capacity magazine.

The district court adopted the revised PSR's Guidelines calculation, and sentenced Romero to 115 months of imprisonment followed by three years of supervised release.

Romero timely appealed, asserting for the first time that the district court erred in applying § 2K2.1(a)(4)(B).[1]

## II.

"Normally, we review the district court's interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error." *United States v. Aderinoye*, 33 F.4th 751, 754 (5th Cir. 2022).

But because Romero did not object to the district court's application of § 2K2.1(a)(4)(B), his claim is subject to plain error review. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). To prevail under that standard, Romero must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

[1] Because we vacate and remand Romero's entire sentence on this ground, we do not address Romero's challenge to various conditions of supervised release that he contends were not pronounced at sentencing but were included in his written judgment. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

If he satisfies all three requirements, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

## III.

Section 2K2.1(a)(4)(B) of the Sentencing Guidelines imposes an elevated offense level if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine." Romero argues that the district court plainly erred in applying this enhancement because the record was "void of any evidence" supporting its applicability.

Both before the district court and on appeal, the Government's sole justification for this enhancement has been that a large capacity magazine "was found near the firearm." But as our court recently explained, "proximity alone can[not] obviate the compatibility requirement" of § 2K2.1(a)(4)(B). *United States v. Luna-Gonzalez*, 34 F.4th 479, 481 (5th Cir. 2022). That's because the Guidelines unambiguously require "that the firearm *be capable of accepting* the magazine." *Id.*

In this case, as in *Luna-Gonzalez*, "the United States introduced zero evidence (let alone a preponderance) proving that the large-capacity magazine was *compatible* with Appellant's firearm." *Id.* at 480 (emphasis added). Because "the Government failed to prove what the text [of § 2K2.1(a)(4)(B)] plainly requires," *id.* at 481, the district court plainly erred in applying the enhancement.

As for the substantial rights prong of plain error review, Romero must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotations omitted). When, as here, "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most

instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 201. We thus have little trouble concluding that the district court's plain error affected Romero's substantial rights. *See United States v. Blanco*, 27 F.4th 375, 381 (5th Cir. 2022).

That leaves the fourth prong of plain error review: whether the error "seriously affects the fairness, integrity or public reputation of judicial proceedings" such that we should exercise our discretion to correct it. *Puckett*, 556 U.S. at 135 (cleaned up). The Supreme Court has held that "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). And the record here does not appear to contain the kind of "'countervailing factors' that [would] obviate any need for error correction." *United States v. Perez-Mateo*, 926 F.3d 216, 220 (5th Cir. 2019) (quoting *Rosales-Mireles*, 138 S. Ct. at 1909). We shall therefore exercise our "discretion to correct the district court's error, which affects the fairness and integrity of judicial proceedings." *United States v. Stoglin*, 34 F.4th 415, 421 (5th Cir. 2022).

\* \* \*

For the foregoing reasons, we vacate Romero's sentence and remand to the district court for resentencing.