# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2023

Lyle W. Cayce
Clerk

No. 22-20338

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Garza, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-298-1

Before Richman, *Chief Judge*, and Stewart and Dennis, *Circuit Judges*.

Per Curiam:[*]

Arturo Garza, Jr., pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Garza argues that the district court erred at sentencing by applying U.S.S.G. § 2K2.1(a)(4)(B), which imposes an elevated base offense level if the offense involved in relevant part "a semiautomatic firearm that is capable of accepting a large

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20338

capacity magazine."[1] Garza also argues the district court erred by applying § 2K2.1(b)(6)(B), which imposes a sentence enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[2] Because the district court erred in applying both, we vacate Garza's sentence and remand to the district court for resentencing.

## I

In December 2020, officers with the Houston Police Department attempted to arrest Garza on several outstanding warrants. Garza was taken into custody after being confronted by officers and fleeing from his vehicle. Once back at Garza's vehicle, officers recovered a semiautomatic pistol; a 100-round magazine, located in the front passenger seat; 19.92 grams of Oxycodone, located in the center console's cupholder; 7.2 grams of marijuana, located in between the driver's seat and the center console; and a ski mask.

The presentence report (PSR) provided that Garza's base offense level should be elevated to 20 under U.S.S.G. § 2K2.1(a)(4)(B) because Garza is a "prohibited person" and "the offense involved a semiautomatic firearm that had in close proximity a magazine that was capable of accepting a large capacity magazine (more than 15 rounds of ammunition) specifically 100 rounds." The PSR also recommended a four-level enhancement under § 2K2.1(b)(6)(B) because Garza possessed the firearm in connection with another felony offense, specifically "possession of a controlled substance." With a total offense level of 25, and a criminal history category of III, Garza's advisory guidelines range was 70 to 87 months of imprisonment.

---

[1] U.S.S.G. § 2K2.1(a)(4)(B)(i)(I).

[2] U.S.S.G. § 2K2.1(b)(6)(B).

No. 22-20338

Garza filed a written objection to the four-level enhancement under § 2K2.1(b)(6)(B), arguing there was no evidence that he possessed the firearm in connection with the offense of felony possession of a controlled substance.  He did not object to the elevated base offense level under § 2K2.1(a)(4)(B).  The Government responded that the enhancement applied because of the firearm's close proximity to the drugs, which supported the firearm's potential of facilitating another felony offense. Garza replied that proximity was insufficient for the application of this enhancement if the other offense involves drug possession alone.  The probation officer maintained that the enhancement should apply under this court's precedent.

At the sentencing hearing, the district court denied Garza's objection to the four-level enhancement under § 2K2.1(b)(6)(B) because "the firearm was present next to the drugs and facilitated possession of the drugs."  The district court adopted the PSR and sentenced Garza within the advisory guidelines range to 75 months of imprisonment (reduced from 87 months to account for the time Garza spent in federal custody), to be served concurrently with any state sentence imposed, three years of supervised release, and a $100 special assessment.  Garza filed a timely notice of appeal.

**II**

Garza first argues the district court erred in applying the four-level enhancement under § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. Because the district court clarified that the other felony offense employed in its enhancement calculus was drug possession,[3] and because the only evidence offered by the Government as to

---

[3] *See United States v. Juarez*, 626 F.3d 246, 253 n.16 (5th Cir. 2010) (noting that "the initial step in evaluating a § 2K2.1(b)(6) enhancement is to 'first identify the other

whether Garza possessed the firearm in connection with the alleged drug possession was the firearm's close proximity to the drugs, the district court erred in applying the enhancement.

When, as here, a challenge is preserved, this court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.[4] "A district court's determination that a firearm was used or possessed in connection with another felony offense for purposes of U.S.S.G. § 2K2.1(b)(6)(B) is a factual finding that is reviewed for clear error."[5] In deciding whether to apply an enhancement, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well."[6] "A factual finding is not clearly erroneous if it is plausible considering the record as a whole."[7]

First, Garza argues the district court erred in solely relying on proximity and simultaneous possession of a "small amount" of drugs and a firearm in a vehicle to apply the § 2K2.1(b)(6)(B) enhancement. He argues that the cases the PSR relied on, *United States v. Washington*[8] and *United States v. Condren*,[9] are no longer good law in light of additions made to

---

felony employed in the district court's enhancement calculus'" (quoting *United States v. Condren*, 18 F.3d 1190, 1194 (5th Cir. 1994))).

[4] *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

[5] *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021) (citing *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014)).

[6] *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

[7] *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (quoting *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010)).

[8] 340 F.3d 222 (5th Cir. 2003).

[9] 18 F.3d 1190 (5th Cir. 1994).

relevant commentary to § 2K2.1. He argues that this court should look instead to *United States v. Jeffries*,[10] in which this court explained that under § 2K2.1(b)(6)(B) there is "no automatic conclusion" that the enhancement applies in cases in which the other felony offense is drug possession "just because" the firearm and drugs "are located in the same vehicle."[11] The Government argues that *Jeffries* is distinguishable for several reasons. It points out that, in *Jeffries*, the drug quantity was significantly lower than what was recovered in this case, and, in this case, the drugs and firearm were in close proximity and there was evidence of current or recent drug distribution or sales by Garza. The Government argues that these facts support the district court's finding that the firearm facilitated Garza's drug possession. It argues in the alternative that we should affirm because the record supports an implicit finding that the other felony offense was drug trafficking because Garza had a history of drug distribution, the drug quantity here was not consistent with personal use, and Garza claimed only occasional monthly use of Oxycodone.

Section 2K2.1(b)(6)(B) provides that the offense level for a firearm offense should be increased by four levels if the defendant "used or possessed any firearm . . . in connection with another felony offense."[12] According to the commentary, "'[a]nother felony offense' . . . means any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."[13] In general, the enhancement applies if the firearm facilitated, or

---

[10] 587 F.3d 690 (5th Cir. 2009).

[11] *Id.* at 692-93.

[12] U.S.S.G. § 2K2.1(b)(6)(B).

[13] U.S.S.G. § 2K2.1 cmt. n.14(C).

had the potential of facilitating, another felony offense, such as drug possession.[14]  But, specifically when the other felony offense is a drug trafficking offense and a firearm is found in close proximity to drugs or drug paraphernalia, application of the enhancement is "warranted because the presence of the firearm has the potential of facilitating another felony offense."[15]  Thus, in the context of drug trafficking offenses under Note 14(B), the evidence need not satisfy the facilitation standard applicable under Note 14(A) for other types of felony offenses.[16]  In *Jeffries*, this court explained that the § 2K2.1(b)(6)(B) enhancement "automatically applies" if the other felony offense is a drug trafficking offense in which a firearm is found in close proximity to drugs.[17]  But the *Jeffries* court held that Note 14(A), rather than Note 14(B)(ii), applied to the defendant because he had no history of recent drug distribution or sales and he possessed only a single rock of crack cocaine.[18]  Applying Note 14(A), this court determined that the Government failed to show by a preponderance of evidence that the firearm facilitated or had the potential to facilitate the defendant's drug possession;

---

[14] U.S.S.G. § 2K2.1 cmt. n.14(A); *see also United States v. Juarez*, 626 F.3d 246, 253 (5th Cir. 2010) (setting out the facilitation test for non-drug-trafficking felonies).

[15] U.S.S.G. § 2K2.1 cmt. n.14(B)(ii).

[16] *See United States v. Alcantar*, 733 F.3d 143, 147 n.6 (5th Cir. 2013) (citing *Juarez*, 626 F.3d at 253).

[17] *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (citing U.S.S.G. § 2K2.1 cmt. n.14(B)(ii)).

[18] *See id.* at 693-95; *see also United States v. Eaden*, 914 F.3d 1004, 1008-09 & n.2 (5th Cir. 2019) (explaining that the Note 14(B)(ii) presumption of facilitation applies when the other felony offense is drug trafficking but not when the other felony offense is drug possession).

thus, the district court there clearly erred in applying the § 2K2.1(b)(6)(B) enhancement.[19]

Here, the district court clearly erred in finding that the firearm facilitated or had the potential of facilitating Garza's possession of the drugs. Garza correctly notes that the cases on which the probation officer relied, *Washington* and *Condren*, were decided before additions to the relevant commentary provided a definition for the phrase "in connection with," setting forth the facilitation standards under Notes 14(A) and 14(B)(ii).[20] Additionally, the other felony employed in the district court's enhancement calculus was drug possession, not drug trafficking. At sentencing, the district judge stated that "the firearm was present next to the drugs" and concluded this "facilitated *possession of the drugs*," abandoning an earlier statement that the firearm "potentially facilitat[ed] the crime of possession of illegal drugs *or possession with intent to distribute illegal drugs*." Although the district court also adopted the PSR, the PSR does not allege that Garza possessed the firearm in connection with a drug trafficking offense, but instead, only "possession of a controlled substance."[21] Furthermore, no evidence was presented that Garza was involved in drug trafficking at the time of the

---

[19] *Jeffries*, 587 F.3d at 695; *see also United States v. Sealy*, 661 F. App'x 278, 282 (5th Cir. 2016) (per curiam) (unpublished) (holding that the enhancement did not apply because there was no evidence the defendant was a drug trafficker and no evidence other than proximity to the drugs that the defendant possessed a firearm in connection with drug possession).

[20] *Compare* U.S.S.G. § 2K2.1 cmt. n.14 (2006), *with* U.S.S.G. § 2K2.1 (2004). *See Jeffries*, 587 F.3d at 692-93; *Juarez*, 626 F.3d at 253; U.S.S.G. § 2K2.1 cmt. n.14(A) & (B).

[21] *United States v. Condren*, 18 F.3d 1190, 1194-95 (5th Cir. 1994) (explaining that the other felony offense was either drug distribution, based on the district court adopting the finding in the PSR that "[t]he defendant was in possession of a firearm while involved in the distribution of crack/cocaine," or drug possession, based on the district court's finding at sentencing that the defendant possessed the firearm "at the same time that . . . he was possessing controlled substances").

instant offense and, in state court, Garza was charged with possession of a controlled substance, not with a drug trafficking offense.

Therefore, the enhancement is proper only if it is plausible in view of the record as a whole that Garza's firearm possession facilitated his alleged drug possession under the standard set forth in 14(A).[22]  Here, the loaded firearm was found in plain view on the passenger seat of the vehicle, and the drugs were found in the center console and cupholder area; but no other evidence of drug trafficking was found.  Although the firearm was found in close proximity to the drugs in the vehicle, mere proximity is not sufficient to support an enhancement under the standard in 14(A).[23]  The record suggests that the district court relied almost exclusively on the gun's proximity to the drugs, as it placed particular emphasis on the photograph of the vehicle's interior.  Because the Government merely showed that Garza possessed the drugs and firearm at the same time,[24] we conclude the district court erred in applying the § 2K2.1(b)(6)(B) enhancement.

Garza further argues that the district court's error in calculating the guidelines range was not harmless.  When a significant procedural error occurs at sentencing, remand for resentencing is required unless the error

---

[22] *See Jeffries*, 587 F.3d at 693; *see also United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007) (noting that this court may affirm on any basis supported by the record).

[23] *See Eaden*, 914 F.3d at 1008-09 & n.2 ("In this circuit, there is . . . no presumption of facilitation when the defendant possesses a firearm along with only user amounts of narcotics."); *see also Jeffries*, 587 F.3d at 693-95; *United States v. Ledesma*, 750 F. App'x 344, 347-49 (5th Cir. 2018) (unpublished) (vacating the defendant's sentence because the district court's finding that the defendant's possession of the gun facilitated his drug possession was based only on evidence of simultaneous possession); *Sealy*, 661 F. App'x at 282 (vacating sentence because there was no evidence, other than proximity to the drugs, establishing that the defendant possessed a firearm in connection with drug trafficking or drug possession).

[24] *See Jeffries*, 587 F.3d at 693.

was harmless.[25] To establish harmless error, the proponent of the sentence must convincingly demonstrate that the sentence would have been the same absent the error.[26] In the instant case, the Government does not argue that the district court would have imposed the same sentence absent the alleged error. In his reply brief, Garza argues that because the Government did not show the error was harmless, it forfeited this argument on appeal. However, this court can, in its discretion, consider harmless error sua sponte.[27] With the enhancement, Garza's advisory guidelines range was 70 to 87 months of imprisonment. Without the enhancement, his total offense level would have been 21 and his advisory guidelines range would have been 46 to 57 months of imprisonment.[28] The district court sentenced Garza to 87 months of imprisonment, with credit for 12 months that he spent in federal custody. Because the record does not reflect that the district court would have imposed the same sentence even if the guidelines range had been 46 to 57 months of imprisonment, the alleged error is not harmless.[29] We therefore vacate Garza's sentence and remand for resentencing.

## III

Garza also challenges the district court's application of the elevated base offense level under U.S.S.G. § 2K2.1(a)(4)(B). He argues that the

---

[25] *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

[26] *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011).

[27] *See United States v. Groce*, 784 F.3d 291, 296 n.2 (5th Cir. 2015), *superseded by regulation on other grounds as stated in United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).

[28] *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

[29] *See Johnson*, 648 F.3d at 278-80.

No. 22-20338

Government presented no evidence demonstrating the firearm and magazine were compatible.

Because Garza did not raise this argument in the district court, this court's review is limited to plain error.[30]  To show plain error, Garza must show the forfeited error is clear or obvious and affects his substantial rights.[31] If Garza makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[32]

Section 2K2.1(a)(4)(B) provides for an elevated base offense level of 20 if the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" and the defendant was a "prohibited person" at the time of the offense.[33]  The Sentencing Guidelines commentary defines a "semiautomatic firearm that is capable of accepting a large capacity magazine" as "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense . . . a magazine or similar device that could accept more than 15 rounds of ammunition" was either attached to the firearm or in close proximity to it.[34]  In *United States v. Luna-Gonzalez*,[35] this court determined the Government failed to present evidence to meet its burden of showing the large-capacity magazine was compatible with the appellant's firearm.[36]   The court found the

---

[30] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[31] *Id.*

[32] *Id.*

[33] U.S.S.G. § 2K2.1(a)(4)(B).

[34] U.S.S.G. § 2K2.1 cmt. n.2.

[35] 34 F.4th 479 (5th Cir. 2022).

[36] *Id.* at 480-81

No. 22-20338

Government's unsworn response to the appellant's written objections was not sufficient to meet its burden of proof.[37]  Following *Luna-Gonzalez*, this court has found the Government's failure to present evidence that the firearm and magazine were compatible for purposes of § 2K2.1(a)(4)(B) constituted plain error, and this court exercised its discretion to correct the error.[38]  In this case, the PSR provided that the elevated base offense level was applicable because the semiautomatic firearm was in close proximity to a magazine capable of accepting a large capacity magazine.  In response to Garza's PSR objections, the Government stated that "the firearm was loaded with a 100 round magazine."  However, the Government's unsworn response was not sufficient to meet its burden of proof,[39] and the Government did not present evidence to demonstrate the firearm and magazine were compatible.  The Government concedes on appeal that it did not present any evidence in the district court and that the PSR did not state that the firearm and magazine were attached or compatible.  The Government also concedes that the photograph of the firearm and magazine on the car's passenger seat does not show whether the firearm and magazine were attached or were merely next to each other.  Because the Government did not present any evidence to demonstrate the firearm and magazine were compatible, the district court made a clear and obvious error in imposing the elevated base offense level under § 2K2.1(a)(4)(B).[40]

When, as here, "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance

---

[37] *Id.* at 480.

[38] *See United States v. Romero*, No. 21-50485, 2022 WL 3584873, at *2 (5th Cir. Aug. 22, 2022) (per curiam) (unpublished).

[39] *See Luna-Gonzalez*, 34 F.4th at 480.

[40] *See id.* at 480-81; *see also Romero*, 2022 WL 3584873, at *2.

on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."[41] The district court's error affected Garza's substantial rights because it increased his offense level and his advisory guidelines range.[42] The Supreme Court has held that "[i]n the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings."[43]

Conceding plain error, the Government asks this court for the opportunity to present additional evidence on remand to support the application of the elevated base offense level. It asserts that Garza confirmed the semiautomatic firearm was loaded when pleading guilty, he did not object to the Government's statement that the firearm was loaded with a 100-round magazine, and he did not object to the elevated offense level in the district court. As this court explained in *United States v. Hernandez*,[44] the district court may consider corrections and additions relevant to the issue on remand.[45] We therefore remand to the district court with instructions to permit the Government to present additional evidence as to whether the firearm and magazine found in Garza's vehicle were compatible.[46]

---

[41] *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016).

[42] *See id.*; *see also Romero*, 2022 WL 3584873, at *2.

[43] *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

[44] 48 F.4th 367 (5th Cir. 2022).

[45] *Id.* at 371-72 (distinguishing *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 753 (5th Cir. 2012)).

[46] *See id.*; *United States v. Carales-Villalta*, 617 F.3d 342, 345 (5th Cir. 2010).

No. 22-20338

\*   \*   \*

We VACATE Garza's sentence and REMAND to the district court for resentencing consistent with this opinion.