# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50914
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS GARZA-GOMEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1939-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Luis Garza-Gomez was sentenced to 120 months of imprisonment after pleading guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He contends that the district court plainly erred in using U.S.S.G. § 2K2.1(a)(4) to calculate his base offense level, that § 922(g)(1) is facially unconstitutional under the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50914

Second Amendment, and that § 922(g)(1) exceeds Congress's authority under the Commerce Clause. The Government has moved without opposition for summary disposition, asking us to summarily affirm Garza-Gomez's conviction and to vacate his sentence and remand, or, alternatively, for an extension of time to file a brief. Although the constitutional issue is foreclosed, the sentencing issue required independent analysis to confirm the parties' position and summary disposition is not appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Nevertheless, we dispense with further briefing, affirm the conviction, and vacate the sentence and remand for further proceedings.

Garza-Gomez's argument that § 922(g)(1) is facially unconstitutional is foreclosed by our recent decision in *United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025). His contention that § 922(g)(1) exceeds Congress's authority under the Commerce Clause challenge is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

As for sentencing, the district court clearly or obviously erred in applying § 2K2.1(a)(4)(B) when calculating Garza-Gomez's base offense level because there is no evidence establishing that the firearm involved in Garza-Gomez's offense was capable of accepting a large capacity magazine. *See United States v. Luna-Gonzalez*, 34 F.4th 479, 480 (5th Cir. 2022). Further, because "the record is silent as to what the district court might have done had it considered the correct Guidelines range" and because the Guidelines were the starting point and basis for the sentence, error affected Garza-Gomez's substantial rights. *See Molina-Martinez v. United States*, 578 U.S. 189, 199, 201 (2016). Finally, we conclude that this is an "ordinary case" where "the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and

No. 24-50914

public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 145 (2018).

Accordingly, we AFFIRM the judgment with respect to Garza-Gomez's conviction, VACATE as to Garza-Gomez's sentence, and REMAND to the district court for further proceedings consistent with this opinion. In addition, we DENY the motion for summary disposition and DENY as unnecessary the Government's alternative motion for an extension to file its brief.