# United States Court of Appeals for the Fifth Circuit

---

No. 25-10732
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KELSEY DWAYNE HUNTER,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-259-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Kelsey Dwayne Hunter pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

For the first time on appeal, he argues that the district court plainly erred by applying a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B), because the Government did not provide proof of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10732

compatibility between the semiautomatic firearm and the large capacity magazine found in his possession.

The assessment of the enhanced base offense level constituted clear or obvious error. *See United States v. Luna-Gonzalez*, 34 F.4th 479, 480–81 (5th Cir. 2022). Nonetheless, Hunter has not met his burden of establishing that the error affected his substantial rights, considering (1) the district court's statements establishing that it believed the sentence imposed was appropriate regardless of the Sentencing Guidelines calculation; and (2) the court's explanation for the sentence under 18 U.S.C. § 3553(a). *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017).

Hunter additionally contends that the court misadvised him on the interstate commerce element of Section 922(g)(1) and that the statute violates the Commerce Clause and the Second Amendment. As he correctly concedes, however, each of those arguments is foreclosed. *See United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Hernandez*, 159 F.4th 425, 429 (5th Cir. 2025).

AFFIRMED.