# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2011

Lyle W. Cayce
Clerk

No. 10-40896
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRENDA DAVIS MILLER, also known as Brenda Graham Davis,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:07-CR-82-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brenda Davis Miller appeals the 90-month sentence of imprisonment imposed at resentencing on her convictions of one count of conspiring to commit health care fraud and one count of conducting financial transactions with criminally derived property. Miller argues that the district court exceeded the scope of the remand by considering evidence proffered by the government at resentencing. "We review *de novo* a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or *mandate rule* forecloses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's actions on remand." *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (citation omitted).

Where "the case is remanded for resentencing without specific instructions, the district court should consider any new evidence from either party relevant to the issues raised on appeal." *United States v. Carales-Villalta*, 617 F.3d 342, 345 (5th Cir. 2010). Our opinion on direct appeal did not limit the ability of the district court to consider on remand evidence bearing on the issue of whether Miller had acted willfully in failing to provide financial information to the probation officer. *See United States v. Miller*, 607 F.3d 144, 152 (5th Cir. 2010). Indeed, our opinion indicated that the district court had the discretion to develop the record on remand. *Id.* Thus, to the extent the district court considered the evidence proffered by the government, Miller has not shown error. *See Carales-Villalta*, 617 F.3d at 345-46.

Miller also contends that the district court exceeded the scope of the remand when it reassessed the sentencing factors and imposed a sentence 12 months above the bottom of the newly-determined Guideline range. She notes that she was originally sentenced to a 97-month term of imprisonment, which was at the bottom of the Guideline range. Because Miller did not raise this objection in the district court, she must demonstrate plain error, which requires a showing that the forfeited error is clear or obvious and affects her substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If she makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks, brackets, and citation omitted).

As a result of the determination at resentencing that Miller would not receive a two-level enhancement for obstruction of justice, a lower Guideline range was established. The relationship of Miller's sentence to the applicable Guideline range thus became "newly relevant" at resentencing. *United States v. Lee*, 358 F.3d 315, 325-26 (5th Cir. 2004). Miller has not shown an

2

entitlement to relief under the plain error standard.  *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.