# United States Court of Appeals for the Fifth Circuit

---

No. 25-30458
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tedric Deshun Ratcliff,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-226-2

---

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

In a prior appeal, we sustained Tedric Deshun Ratcliff's challenge to application of an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) based on our decision in *United States v. Henry*, 119 F.4th 429 (5th Cir. 2024), which was decided while his appeal was pending. *United States v. Ratcliff*, No. 24-30192, 2025 WL 618105, *2-4 (5th Cir. Feb. 26, 2025) (unpublished). We

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

vacated and remanded with the direction that "[o]n remand, the district court may reconsider its application of § 2K2.1(b)(6)(B) with the benefit of *Henry* and consistent with this opinion." *Id.* at *3-4. On remand, the district court removed the enhancement and recalculated the advisory guidelines range.

Ratcliff contends that the district court exceeded the scope of this court's remand order when it reassessed the 18 U.S.C. § 3553(a) sentencing factors, varied upward, and imposed a sentence that was the same as the sentence previously imposed. He argues that, inasmuch as the facts before the district court were unchanged and could not support the § 2K2.1(b)(6)(B) enhancement, it was error for the district court to impose the same sentence, whether by imposing the enhancement again or by imposing an upward variance.

Although this court generally reviews a district court's application of a remand order de novo, *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012), we review for plain error because none of Ratcliff's objections to the above-guidelines sentence directed the district court's attention to its alleged failure to comply with this court's remand order, *see United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014); *cf. United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (holding that Government preserved its mandate-rule error for review and thus plain error review did not apply). To prevail under this standard, Ratcliff must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

No. 25-30458

Ratcliff cannot demonstrate plain error. As an initial matter, although the district court discussed Ratcliff's commission of another felony offense, it did not ultimately impose the § 2K2.1(b)(6)(B) enhancement and, instead, simply considered the conduct underlying the original imposition of the enhancement and determined that conduct warranted an upward variance under the relevant § 3553(a) sentencing factors. It stated so both during the sentencing hearing and in its statement of reasons. The decision to impose such a variance did not violate this court's mandate rule in light of this court's decisions in *United States v. Lee*, 358 F.3d 315, 319 (5th Cir. 2004), and *United States v. Miller*, 432 F. App'x 346, 347 (5th Cir. 2011).[1]

As in those cases, a lower guidelines range was established as a result of the determination at resentencing that Ratcliff would not receive a four-level enhancement under § 2K2.1(b)(6)(B). The relationship of Ratcliff's sentence to the applicable guideline range thus became "newly relevant" at resentencing, and the district court did not exceed the scope of this court's mandate when it considered the illegal conduct that originally gave rise to the enhancement and determined that an upward variance was warranted under § 3553(a). *Lee*, 358 F.3d at 319.

The judgment of the district court is AFFIRMED.

---

[1] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).